56 P.(2d) 1127

ALAMOGORDO IMPROVEMENT CO. v.
HENNESSEE et al.

No. 4106.

Supreme Court of New Mexico.

March 26, 1936.

W. C. Whatley, of Las Cruces, for appellant.

J. L. Lawson, of Alamogordo, for appellees.

BRICE, Justice.

This is an appeal from a judgment in favor of the appellees in an action brought by the appellant to forfeit certain real property for the violation of a condition subsequent.

The essential facts, taken from the findings of the court and admissions in the pleadings, are as follows:

That prior to 1904 the Alamogordo Improvement Company owned all of the property in what is now the town of Alamogordo, N. Mex., and platted it into lots and blocks for the purpose of sale and improvement. As a part of its plan and scheme for the sale of the property, it was determined to prohibit the manufacture, sale, or other disposition of intoxicating liquors in said town, and to that end caused to be inserted in all of the deeds, which it made conveying any of said property, a condition whereby, as part of the consideration for the purchase price of lots, the purchaser and seller agreed, for themselves, their heirs, administrators, and assigns, that in-

toxicating liquors should never be manufactured, sold, or otherwise disposed of as a beverage or medicine in any place of public resort in or upon the premises granted, or any part thereof; the penalty being that "this deed shall become null and void and all right, title and interest in and to the premises hereby conveyed shall revert to the first party."

The property in suit was sold by the Alamogordo Improvement Company and conveyed to the purchaser by a deed containing the provision with reference to intoxicating liquor stated. Taxes were thereafter assessed against it in the name of the record owners and never paid. Proceedings by the state to foreclose the tax liens were instituted against the record owners and against the real estate, and decree entered therein in favor of the state and against the defendants and the real estate for the amount of the taxes, interest, costs, etc., and foreclosing the state's tax lien. Thereafter the lands were sold at public auction to the county of Otero, and the tax certificates issued thereon were sold and assigned by the county to the State Bank of Alamogordo, to whom tax deeds were issued conveying to it said property, and through whom appellees claim title.

The Alamogordo Improvement Company was not made a party to the assessment or levy of the taxes or to the proceedings to foreclose the tax lien nor given notice thereof. After appellees acquired such tax title they immediately entered into possession of the property in suit and are now engaged in the sale of intoxicating liquors in a place of public resort on said premises.

The sole question is whether the right of forfeiture and reversion contained in the deed survived the sale of the property under the proceedings foreclosing the tax liens. The regularity of the tax foreclosure proceedings is not an issue, so that the answer to the question depends on the nature of the title that passed by the tax deed issued to appellees' predecessor in title.

Chapter 133, N.M.Sess.Laws 1921, by virtue of which taxes were levied, assessed, and the property sold, provides, in substance, that all property not exempt shall be subject to taxation; that the owner shall list his property for taxation under certain penalties; that taxes are a lien on the property taxed; that a suit to foreclose a tax lien is "a suit in rem against said real property, * * * and in personam against all persons" appearing on the tax roll as owner of property on which taxes are delinquent, and "who shall be personally served with process" (Section 421); judgment in rem is taken against all property as to which no answer is filed, whether or not personal judgment is taken; "sale of such property * * * shall not be void or set aside on account of any error or irregularity in listing" the property upon the tax roll, "either as to the name or names of the owner or owners thereof, by reason of its being listed in the name of the wrong person" (Section 435). A tax sale certificate, when recorded, vests in the purchaser, his heirs or assigns, or

the county and its successors, a complete legal title to the property described therein, subject to redemption as provided by law. The deed shall vest in the grantee, his heirs, successors, and assigns, a perfect and complete title in fee simple to the said premises, free and clear of all liens and incumbrances except taxes levied thereon prior or subsequent to the year for which the same were sold.

In New Mexico, taxes are a charge against the land as well as a personal obligation of the owner, and the procedure to enforce a tax lien is in rem against the property taxed, though a personal judgment may also be taken when the owner is served with process. As a matter of practice, as is well known, such proceedings are seldom in personam, but generally the land alone is resorted to to enforce payment of taxes.

1. The sale of the land under foreclosure of tax lien created a new and paramount title cutting off all prior liens, incumbrances and interests of every character.

"The legislature has power to provide either that the tax-sale shall create a new title cutting off all prior liens, encumbrances and interests, or to provide that the tax purchaser shall acquire the interest only of the person in whose name the land was assessed or of the real owner. Observing the statutory directions and precautions, and the principles of the common law and of public policy, to which reference has been made, the officer may transfer to the purchaser the full interest in the land which has been assessed, and may convey a complete and perfect title if such is the provision of law on the subject, as in many states is the case. Indeed, it has been said that 'the prevailing opinion seems to be that a tax-title is a new title, and not merely the sum of old titles.' Generally a tax-title divests all interest in the land sold and vests in the grantee an independent and paramount title. Where the whole title is sold it cuts off and divests estates in remainder or reversion, rent charges, trust estates, homestead interests, inchoate rights of dower, mortgages and other encumbrances, judgment liens, and even back taxes and tax-titles, unless other provision is made. * * *" 3 Cooley on Taxation, (4th Ed.) § 1492; Lucas v. Purdy, 142 Iowa, 359, 120 N.W. 1063, 24 L.R.A.(N.S.) 1294, 19 Ann.Cas. 974; Davis v. Allen et al., 224 Mass. 551, 113 N.E. 304; Atkins v. Hinman, 2 Gilman (7 Ill.) 437, 449; 61 C.J. title "Taxation," §§ 1822 and 1831; Annotation in 75 A.L.R. 416 et seq.; Jones v. Devore, 8 Ohio St. 430; Abbott et al. v. Frost, 185 Mass. 398, 70 N.E. 478.

In Terrel v. Wheeler et al., 123 N.Y. 76, 25 N.E. 329, 331, the Court of Appeals of that state said: "The act provides for a sale of the lands for the taxes finally imposed thereon under the act by the registrar of arrears, and that he shall give a deed thereof in fee-simple absolute to the purchaser on proof by him of service of notice of the sale upon the owner or mortgagee of the land, after the expiration of one year from the service of such notice, which deed shall be presumptive evidence. It is objected that the legislature could not

thus authorize a deed in fee-simple absolute. It was a matter of legislative discretion whether the purchaser at the tax-sale should have an absolute title or a life-estate. It is the general rule in such cases to give the purchaser, after failure to redeem within a time allowed, an absolute title. Such is and always has been the rule in this state as to tax-titles upon sales for default in the payment of the usual taxes imposed for the support of the state and local governments."

The Court of Appeals later in Tax Lien Co. of New York v. Schultze et al., 213 N.Y. 9, 106 N.E. 751, L.R.A.1915D, 1115, Ann.Cas.1916C, 636, held that a sale for taxes did not carry with it an easement which had been carved out of one property for the benefit of another, where its assessment did not include the value of the easement, which had been assessed to the dominant estate; but there are authorities otherwise. Hill v. Williams, 104 Md. 595, 65 A. 413; Hanson v. Carr, 66 Wash. 81, 118 P. 927.

■ 2. It is said that there are two theories prevalent with reference to what estate is conveyed by a deed under tax sale: (1) Where the tax is against the real estate itself and the proceedings are strictly in rem, the title conveyed by sale for non-payment of taxes is a new and paramount title in fee simple absolute, created by an independent grant from the sovereign, striking down all previous titles and interest in the property; and (2) a derivative title where the proceedings for the collection of taxes are looked upon as in personam; in which case the purchaser obtains only the title of the person taxed. Philippines Islands v. Adrian, 41 'P.I. 112; Lucas v. Purdy, supra. Clearly, under the statutes of New Mexico, the title conveyed is of the former class.

■ 3. The condition in the deed with reference to intoxicating liquors was a condition subsequent entitling appellant upon its breach to treat the estate as having reverted to it. Cowell v. Colorado Springs Co., 100 U.S. 55, 25 L.Ed. 547. It has been held that the grantor in such deed has only a possibility of reverter, but no estate in the land; that it is not assignable in equity, though the heir succeeds thereto by force of representation and not by descent. Upington v. Corrigan, 151 N.Y. 143, 45 N.E. 359, 37 L.R.A. 794; Nicoll v. New York & Erie Ry. Co., 12 N.Y. 121; Fowler et al. v. Coates et al., 201 N.Y. 257, 94 N.E. 997.

■ 4. Whether or not appellant's reservation in the deed was an interest in real estate, it existed by virtue of a deed, the effect of which has been utterly destroyed along with every present, future, or possible interest that existed in any person prior to the sale of the land for taxes; for the effect of the tax deed was to vest in appellee a new and paramount title in fee simple, good against the world, except the state and the United States.

It follows that there is no error in the record, and that the judgment of the district court should be, and is, affirmed and the cause remanded. It is so ordered.

SADLER, C. J., and BICKLEY and ZINN, JJ., concur.

HUDSPETH, J., did not participate.