**200 P.2d 715**

**DE BACA v. PEREA et al.**

**No. 5097.**

Supreme Court of New Mexico.

Nov. 26, 1948.

Rehearing Denied Dec. 27, 1948.

William T. O'Sullivan, of Albuquerque, for appellants.

J. Ernest Corey, of Albuquerque, for appellee.

LUJAN, Justice.

This is a suit to quiet title to lots Nos. 21 and 22, Block 54, Raynolds Addition to the City of Albuquerque, New Mexico. The lots came by successive grants to Victoriano Trujillo and formed part of his estate. At the time of his death this property was inherited by Manuelita Mares de Trujillo, his widow and sole heir, and she held title at the time of her death on May 17, 1939. The administration of her estate was commenced January 11, 1943, being cause No. 4956, and upon petition of I. V. Saavedra, one of the two devisees named in the Will, he was appointed administrator with the Will annexed, Demetria Valdez, the other devisee and executrix named in the Will being deceased at the time application for probate of the Will was made. Upon her death the defendant I. V. Saavedra inherited her one half undivided interest in these lots.

These lots were first sold to the State of New Mexico, jointly with lots Nos. 19 and 20 in Block A of the A. & P. Addition to the City of Albuquerque, for taxes assessed for the year 1934 by tax sale certificate No. 9223. On December 7, 1936, these four lots were again sold by the treasurer of Bernalillo County to the State, under tax sale certificate No. 11119 for taxes assessed for the year 1935. No tax deed to the State was ever made, executed, delivered or recorded for these years. On December 4, 1939, the treasurer sold these same four lots to the State under tax sale certificate No. 11995, for taxes assessed for the years 1936, 1937 and 1938. On March 4, 1942, the county treasurer, made, executed, and delivered tax deed No. 11995 to the State for taxes, penalties, interest and costs, for the years 1936, 1937 and 1938, more than two years having elapsed since the sale and the property not having been redeemed. On March 6, 1945, the State Tax Commission conveyed its interest in lots Nos. 21 and 22, Block 54, Raynolds Addition, for the sum of $350.00 to Edmundo C. de Baca and Mary Chavez. On December 16, 1946, Mary Chavez and Joe Chavez, her husband, by quitclaim deed conveyed their interest to the plaintiff.

On account of the death of Edmundo C. de Baca which occurred while the case was pending in this court, leave was granted to Eduardo C. de Baca, Alfredo C. de Baca, Horacio C. de Baca and Elizabeth C. de Baca, as his sole heirs, to revive this action in their favor. However, for clarity sake we will refer to these parties as plaintiff.

The plaintiff, by his complaint claimed fee simple title to these lots. The defendants denied that he was the owner in fee simple and alleged ownership in themselves. The trial court quieted title in favor of the plaintiff. The defendants bring this appeal assigning numerous errors said to have been committed by the court below.

In the year 1945 after these lots had been sold by the State to the plaintiff, the defendant I. V. Saavedra, claiming his preferential right to purchase the property from the State, made application therefor; such application not having been made prior to that of the plaintiff as required by law, and three years after it had been sold by the county to the State, the State Tax Commission refused his application.

No fraud having been alleged or shown, the defendants, at the very outset are confronted by statutory remedies available to them and of which they did not take advantage.

The law gives the owner of real property sold for delinquent taxes the right to redeem the same at any time before two years from the date of the sale provided for in Section 76-713, 1941 Comp., upon the payment of the amount of taxes for which it was sold, penalties, interest, and costs required by the Act. To enjoy this right the delinquent taxpayer must exercise it before tax deed is taken to the property. If not exercised in the manner and within the time provided by statute the right is lost. The defendant, Saavedra, did not exercise his right to redeem before the issuance of the tax deed to the State on March 2, 1942. The time for asserting such statutory right thus expired and the right of redemption was lost. Hood v. Bond, 42 N.M. 295, 77 P.2d 180; Aragon v. Empire Gold Mining & Milling Co., 47 N.M. 299, 142 P.2d 539; Eigner v. Geake, 52 N.M. 98, 192 P.2d 310.

In addition to the right to redeem the property before the issuance of a tax deed to the State, the law gives the former owner, or one claiming under him, the first and prior right to repurchase the property from the State after the issuance of a tax deed to it by the county treasurer by complying with the provisions of Section 76-740, 1941 Compilation. This is purely statutory and, if claimed, must be exercised in the manner and within the time provided by statute or the right is lost. To protect, preserve and enjoy the preferential right to repurchase the land from the State on the most favorable terms authorized by the Act, the former owner, or one claiming under him, must comply with its provisions. He must make application to repurchase and claim the preferential right therein given him before any other application has been made for the repurchase of the land.

The defendant, Saavedra, did not exercise his preferential right to repurchase the property from the State at the most favorable terms available to him before the plaintiff made his application to repurchase the same. While the legislature provided by the Act that a former owner, or one claiming under him, could claim his preferential right and offer to repurchase from the State at any time before any other

application and sale was made, this does not mean that such owner, or one claiming under him, may delay making his application and offer to repurchase and claim his preferential right until after another has made his for such sale, and then make the offer, assert the right and demand the benefits of a statute with which he has not complied. At the time Saavedra made his tender to repurchase asserting his statutory preferential right contemplated by the Act, it had long since expired and the right thus was lost. Hood v. Bond, supra; Aragon v. Empire Gold Mining & Milling Co., supra; and Eigner v. Geake, supra.

In addition to the right to redeem and to repurchase property sold for taxes the law gives the owner the right to test the validity of any proceedings leading up to its appraisement, assessment and sale. Section 76-727, 1941 Compilation. The defendant did not challenge the validity of the proceedings until after the plaintiff had instituted this suit and approximately five years after it had been sold to the State. In Hood v. Bond, supra [42 N.M. 295, 77 P.2d 183], this court, speaking through Justice Bickley, said: "It is further to be noted in the case at bar that the plaintiff did not bring any action to test the validity of any of the proceedings or any irregularity or neglect of any kind of any officer having any duty to perform under the provisions of the act. It is provided by section 25

that any such actions which shall not be commenced within two years from the date of the sale shall be barred."

Finding no error the judgment will be affirmed and it is so ordered.

BRICE, C. J., and SADLER, McGHEE, and COMPTON, JJ., concur.