237 P.2d 359

**McMILLAN v. MEHARG et al.**
**No. 5375.**

Supreme Court of New Mexico.
Nov. 7, 1951.

H. A. Kiker, Charles C. Spann, Santa Fe, Charles M. Tansey, Jr., Farmington, R. M. Eakes, Durango, Colo., for appellant.

Dudley Cornell, Hannett & Hannett and W. S. Lindamood, all of Albuquerque, for appellees.

LUJAN, Chief Justice.

This is an action to quiet title to certain real estate situated in Rio Arriba County. The plaintiff-appellant here, claims his title by virtue of a patent, while the defendants, E. W. Meharg and Klossie N. Meharg, his wife, appellees here, base their title on a tax sale and deed. The defendant Magnolia Petroleum Company, a corporation, bases its claim upon an oil and gas lease assigned to it by Dudley Cornell and Mary Lee Cornell, his wife, who have disclaimed any interest in the land and are therefore not parties to the suit. The cause was tried to the court without a jury and it found for the defendants. This appeal is from the judgment. The parties will be referred to as they appeared in the lower court.

The court made the following findings of fact:

"2. That the plaintiff, Willie M. McMillan, did not pay taxes on the property involved in this litigation for the years 1936 to 1946 inclusive, nor has he redeemed the same.

"3. That the real estate involved in this litigation was sold by the county of Rio Arriba to the State of New Mexico for delinquent taxes for the years of 1937 and 1938.·

"12. That the sale for taxes involved in these proceedings was held on the 20th of January, 1942, and plaintiff's action was filed in this cause on the 18th day of March, 1949."

From the following findings of fact the court concluded as a matter of law:

"4. ·That said tax deed under and pursuant to the provisions of Section 76–726, New Mexico Statutes, Annotated, 1941, is not subject to attack except on the ground that said property was not subject to taxation for the years named in the deed or that the taxes had been paid before sale or that the property had been redeemed.

"8. That the certificate of posting the notice and proof of publication filed in the County Clerk's office and the issuance of the tax sale certificates are conclusive evidence of holding the sale and not subject to collateral attack."

The land in question was listed for assessment during the years 1936, 1937 and 1938. Taxes were levied thereon, and remained unpaid, and the land was duly advertised for sale as required by law. On January 20, 1946, the county treasurer issued Tax Sale Certificate No. 2265 to the State of New Mexico, which bore the following recital: "* * * do hereby certify that the following described real estate * * * was on the 20th day of January, A. D. 1942, duly sold by me * * * to the State of New Mexico, * * *".

On July 23, 1946, the county treasurer issued Tax Deed No. 2265–C to the State of New Mexico, which recited that: "This deed is issued pursuant to the sale of the above described property for taxes * * * held on the 20th day of January, 1942, and Tax Sale Certificate No. 2265–C, theretofore issued and dated the 20th day of January, 1946."

Thereafter the State Tax Commission conveyed this property by deed to the Mehargs. This much is shown by the record evidence introduced at the trial.

It is plaintiff's contention that there never was a valid sale of the property in question by the county treasurer for delinquent taxes and therefore the tax deed issued to the state is void.

The plaintiff attacks certain findings of fact and conclusions of law as being contrary to the evidence in the case, asserting that they are not sustained by the record. Suffice it to say that we have carefully examined the record and find that they are sustained by substantial evidence and that the court did not err in its conclusions of law. Under our well-established rule they will not be disturbed.

This case is controlled by our decision in Maxwell v. Page, 23 N.M. 356, 168 P. 492, 495, 5 A.L.R. 155, wherein a fine and extensive discussion of the law on this subject is to be found. We said: "The essentials of taxation are the existence of the subject-matter which is to be subjected to taxation and its liability to the imposition of the tax, the assessing of the property for taxation, and the levying of the tax thereon. If, upon all of these subjects, the taxpayer has had notice and opportunity to be heard, he has had due process of law. It is not an essential in taxation proceedings that the state should proceed to enforce the collection of the tax in any particular way, or at any particular time. Therefore it is within the legislative discretion to give directions to the taxing officers to proceed to a sale in a certain way and at a certain time each year for the purpose of collecting the taxes due from the taxpayers. But the Legislature might well have provided that another and entirely different procedure should be resorted to for the purpose of the collection of the tax. These provisions are enacted in the interest of the state for the purpose of en-

abling it to promptly collect its public revenue. The manner of collecting the tax after it has, with due notice to the taxpayer, been fixed upon his property is a matter in which the taxpayer has no legal interest."

In De Treville v. Smalls, 98 U.S. 517, 25 L.Ed. 174, cited in the above opinion, the court said: "Besides, all possible attack upon the prima facies of the certificate was limited by the express provisions of the act, which enacted, as before stated, that it should only be affected as evidence of the regularity and validity of sale, by establishing the fact that the property was not subject to taxes, or that the taxes had been paid previous to sale, or that the property had been redeemed. This left to the owner of lands subject to the tax every substantial right. It was his duty to pay the tax when it was due. His land was charged with it by the act of Congress, not by the commissioners; and the proceeding ending in a sale was simply a mode of compelling the discharge of his duty. All his substantial rights were assured to him by the permission to show that he owed no tax, that his land was not taxable; that he had paid what was due; or that he had redeemed his land after sale. He was thus permitted to assert everything of substance—everything except mere irregularities."

In applying the rule laid down in the De Treville case, we further stated in Maxwell v. Page, supra: "We hold that it is not indispensable under our statute to hold tax sales upon the very day appointed by statute, and that therefore the Legislature has power to provide, as it has provided, that an irregularity as to the time of sale shall not invalidate the title of the purchaser."

The plaintiff, in his brief states: "We submit that our New Mexico law is clear on the proposition that the curative and limitation statutes have no application when there has been no sale of the property for taxes * * *."

There is no merit to this claim. The trial court found there had been a sale and the evidence supports the finding.

Touching the curative provisions of the statute before the court in Maxwell v. Page, supra, in addition to what already has been quoted from that opinion, we stated: "The Legislature, however, provided, as has been heretofore pointed out, that no title acquired at any such tax sale should be invalidated in any proceeding, *except upon the ground that the taxes had been paid before the sale, or that the property was not subject to taxation*. This curative feature of the statute stands out conclusively against any technical objection to a tax title. This provision, if it is to be given the force and effect which its language requires, prohibits the interposition of any objection to a tax title, except such as are named in the provisions itself. All other

directions and provisions in regard to the procedure to be employed by the taxing officers must yield to this provision, or it must be held to be of practically no force and effect. \* \* \* Counsel for appellant cites many cases holding that a premature sale, such as was had in this case, is necessarily invalid and void. These conclusions are reached upon a consideration of the statute of the particular state in which they were rendered. *We construe our statutes as providing that a sale had prior or subsequent to the time directed by the statute shall be a valid sale,* because otherwise the curative clause of section 25 can have no operative effect." (Emphasis ours.)

The later case of Hughes v. Raney, 45 N.M. 89, 110 P.2d 544, follows the doctrine laid down in Maxwell v. Page, supra, and applies it to the facts of that case. The holding there made is decisive of this case. With or without a bid on behalf of the state, all property not struck off to individual purchasers at some time during the sale is deemed sold to the state by operation of law at the close of the sale, for the total amount of taxes, penalties, etc., then due. It is no defense to show that the sale to the state was premature and took place prior to the last day of sale. Maxwell v. Page, supra. The inquiry is not the exact date the sale occurred. Assuming the property was subject to taxation, as in the case at bar, the decisive inquiries are: Were the taxes paid before the sale, and if not, was the property redeemed? Unless answers to these inquiries disclose either payment of taxes before sale or redemption after sale, the inquiry ends and the tax title prevails.

It follows from what has been said that the judgment must be affirmed.

It Is So Ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

COORS, J., being absent, did not participate.