243 P.2d 623

**HARGROVE v. LUCAS et al.**

**No. 5429.**

Supreme Court of New Mexico.

April 23, 1952.

George L. Reese, Sr., Roswell, for appellants.

Hervey, Dow & Hinkle, W. E. Bondurant, Jr., Roswell, for appellee.

McGHEE, Justice.

The defendant and cross complainant, William E. Lucas, is the patentee of the 320 acres of land in Chaves County to which the lower court quieted a fee simple title in the plaintiff.

The taxes were not paid on the land for the years 1931, 1932 and 1933, and on December 7, 1934, the County Treasurer sold the property for taxes due for such years in the sum of $32.43, and on the same date issued a tax sale certificate covering the sale. The property was not redeemed, and on May 21, 1937, the Treasurer issued a tax deed conveying the property involved to the State of New Mexico. This deed was recorded in the office of the County Clerk of Chaves County on June 2, 1937. On April 1, 1943, the State Tax Commission executed and delivered its deed to the property to the plaintiff, but this latter deed was not filed for record in the office of the

County Clerk of Chaves County until July 30, 1946. The State Tax Commission gave the plaintiff another deed to the same property on May 22, 1950, after the institution of this action, and it was recorded on May 29, 1950, in the office of such County Clerk. No attack is made on any of the proceedings leading up to the sale and issuance of the deeds.

The defendants contend the 1943 deed from the Tax Commission to the plaintiff is utterly void for failure to file it for record with the County Clerk within one year after its issuance and the title to the land thereupon revested in them by virtue of Sec. 3, Ch. 104, Laws of 1931, Sec. 76-719, N.M.S.A., 1941 Compilation; that there was no authority in law for the issuance of the second deed by the State Tax Commission and it is also void. The section reads as follows:

"Any tax deed which is not filed for record in the office of the county clerk of the county in which the real estate affected thereby is situated, within one (1) year from the date of the issuance thereof shall be null, void and of no effect; Provided, that tax deeds which are not filed for record at the date of the passage of this act may be so filed within one (1) year from the date of the passage of this act."

At the time of the passage of the 1931 act, supra, the method followed for the sale of lands for delinquent taxes was by suit in court to foreclose the lien, and after the decree was entered sale was made by the county treasurer.

At a special session of the Legislature in 1934, Ch. 27, Laws of 1934, was enacted, doing away with the foreclosure suit. By this statute it was provided that in December of each year the county treasurer should offer the lands upon which taxes were delinquent for sale and issue and deliver his tax sale certificate evidencing such sale to any purchaser. Any lands not purchased by an individual are to be struck off to the State of New Mexico, with or without bid on behalf of the State, and all property not struck off to individual purchasers at some time during the sale is deemed sold to the State by the operation of law. McMillan v. Meharg, 55 N.M. 556, 237 P.2d 359. At any time within two years thereafter anyone could buy such certificates from the treasurer. The former owner, or another qualified so to do, could redeem the lands from such sale by paying the sale price, interest, penalties, etc. within two years from the date of sale. At the end of the two-year period of redemption the purchaser was entitled to a tax deed to such land on a form prescribed by the 1934 Act. All lands sold at the original sale by the treasurer and not redeemed or purchased by individuals were required to be deeded to the State of New Mexico by the county treasurer and the deeds therefor

recorded in the office of the county clerk in the county where the lands were situated. The State Tax Commission was then authorized to sell any of the lands so conveyed to the State for the best price obtainable, but it was provided the former owner should have a preference right to repurchase it from the Tax Commission for the amount then due, provided someone had not made a prior offer therefor.

The defendants contend Section 3 of the 1931 Act refers only to sales made under the law as it existed at the time of its enactment, and could not apply to sales made under the 1934 Act. We will assume, for the purposes of this case, that Sec. 3, Ch. 104, Laws of 1931, was not repealed by the 1934 Act, and operated prospectively.

Our statute under which the sale was made is so different from those of other states that cases from other jurisdictions are of but little help, and this is the first time this question has been before us. All parties, however, rely to some extent on Kansas cases. There they have a statute requiring an action in court to foreclose a delinquent tax lien, and, according to the statutes as set out in Moorhead v. Guliford, 163 Kan. 730, 186 P.2d 275, title does not vest in a purchaser at a tax sale until he files his deed for record in the recorder's office, and this must be done within six months from the date of issuance or it is void. The court says the purpose of the statute is to protect innocent third parties who may become interested in the property. We believe such was the purpose of our act, and, further, it is the recording of the treasurer's deed which would give the effective notice. The State or an individual purchaser from the treasurer might hold the land for years before it was sold and the latter deed was placed of record, too late to help one the statute was designed to protect. The Kansas authorities issue but one deed but here we have two in the event the treasurer has not issued his deed to a purchaser before it goes to the State. The 1931 recording provision was not incorporated in our 1934 Act.

The method of conveying the property out of the State of New Mexico at the time of the sale to the plaintiff is covered by Sec. 76–739, N.M.S.A., 1941 Compilation, which we quote:

"The state tax commission shall have full power and authority to administer any property acquired by the state under tax deed; to institute, defend, or intervene in, in the name of the state of New Mexico, any suit or action involving the title derived under any such tax deed or conveyed by said commission; to sell, either for cash or by contract, any such property. Any contract or conveyance affecting the title of any such property shall be valid for the purpose therein expressed when executed and signed by the chief tax commissioner and attested by the secretary

of the state tax commission or the assistant secretary, provided, however, that contracts heretofore or hereafter executed may be executed in the name of the state tax commission and signed by the special tax attorney or by the assistant special tax attorney and attested as hereinabove specified. Any such contract or conveyance when so executed shall be entitled to record in the office of the county clerk of the county where such property is situated, without acknowledgement, upon paying, in advance, to the county clerk the fee provided by law for the recording of warranty deeds, provided, however, that no fee shall be paid for recording quitclaim deeds issued by the state tax commission for the purpose of clearing titles irregularly or erroneously conveyed to the state. Such contracts or conveyances shall have the same effect in law as any acknowledged and recorded instrument relating to real estate."

If the Legislature intended that a deed from the Tax Commission had to be recorded within a year from date of issuance or become void, it is strange it did not so provide while it was making provision for the recordation of such deeds, and the effect of such recording. The recording statute to which reference is made in the last sentence is Sec. 13-203, N.M.S.A. 1941 Compilation, which reads:

"No deed, mortgage or other instrument in writing, not recorded in accordance with section 4786 (§ 13-201), shall affect the title or rights to, in any real estate, of any purchaser, mortgagee in good faith, or judgment lien creditor, without knowledge of the existence of such unrecorded instruments."

The deed from the County Treasurer to the State of New Mexico stripped the former owner of all interest in the land and conveyed a fee simple title to the grantee. Alamogordo Improvement Co. v. Hennessee, 40 N.M. 162, 56 P.2d 1127. True, as an act of grace, by Sec. 76-740, N.M.S.A. 1941 Compilation, the former owner was given a preferential right of repurchase, but this was conditioned on his making application therefor to the State Tax Commission before anyone else had applied. DeBaca v. Perea, 52 N.M. 418, 200 P.2d 715. While the deed from the Tax Commission to the plaintiff made reference to the tax sale by the Treasurer, such language was surplusage. If an individual had purchased the tax sale certificate and had later secured the tax deed of the Treasurer conveying the land to him and he had later sold it to the plaintiff, it could hardly be urged the latter deed of conveyance would be a "tax deed". The same reasoning applies to the 1943 deed from the Tax Commission, and we hold it was not a tax deed.

The tax deed required to be recorded by the 1931 Act is the one from the County Treasurer which divests the former owner of his title and not the one from the Tax Commission to its grantee. The plaintiff did not lose the title conveyed to him by the 1943 deed of the State Tax Commission because of his failure to record it within one year from its date. Forfeitures are not favored. 37 C.J.S., Forfeitures, § 4, pp. 8 and 9. State v. Sunset Ditch Co., 48 N.M. 17, 145 P.2d 219.

This holding settles the case and makes unnecessary a consideration of other points raised by the defendants.

The judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.