Lee Hornbaker Special Counsel for Geary County 715 North Washington Street Post Office Box 168 Junction City, Kansas 66441-0168
Dear Mr. Hornbaker:
As Special Counsel for Geary County charged with bringing the county's tax foreclosure sale proceedings, you request our opinion regarding the application of K.S.A. 60-2201 and the doctrine of lis pendens to such proceedings. Specifically, you question whether the county is protected by lis pendens when it files a petition and serves summons under K.S.A. 1996 Supp. 79-2801
so that any pendente lite purchaser taking an interest in property described in the petition does so subject to the foreclosure action.
K.S.A. 60-2201 provides in part:
 "(a) When a petition has been filed in the district court pursuant to chapter 60 of the Kansas Statutes Annotated, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's claim; but such notice shall be of no avail unless the summons be served or the first publication made within ninety (90) days after the filing of the petition. . . ."
This is a codification of the common law doctrine of lis pendens. The doctrine generally stands for the proposition that "whoever purchases or acquires an interest in property that is involved in pending litigation stands in the same position as his vendor, is charged with notice of the rights of his vendor's antagonist, and takes the property subject to whatever valid judgment may be rendered in the litigation." 51 Am.Jur.2d Lis Pendens § 1 (1970) (citations omitted). The purpose underlying the doctrine is "to prevent third persons during the pendency of the litigation from acquiring interests in the land which would preclude the court from granting the relief sought, . . ." Harrod v. Burke, 76 Kan. 909, 911 (1907), or otherwise interfering with the consummation of the judgment by an interim transfer, encumbrance or change of possession. 51 Am.Jur.2d at § 3.
Your question arises in part because of language in several Kansas Supreme Court decisions stating that the tax foreclosure statutes are "a complete and independent code for the collection of taxes levied and assessed upon real estate, having a separate and distinct judicial proceeding in which its own procedures and limitations are prescribed, . . ." Phillips Petroleum Co. v. Moore, 179 Kan. 482, Syl. ¶ 3 (1956). See also Jesberg v. Klinger, 184 Kan. 519, 523-24 (1959); Board of County Commissioners v. Matlock, 192 Kan. 272, 273-74 (1963); Pierce v. Board of County Commissioners, 200 Kan. 74,78-79 (1967). Each of these cases involved situations where one of the parties was attempting to use general provisions in the Code of Civil Procedure in lieu of specific provisions in the tax foreclosure statutes. In Pierce the appellant argued that G.S. 1949, 60-2530, the statute then providing the general procedure for opening a default judgment rendered on service by publication, should be applied limiting such actions to those filed within six months after acquisition of title by a good faith purchaser, rather than K.S.A. 79-2804b which provided for an action to open, vacate, modify or set aside a tax foreclosure action within 12 months. The Court held that K.S.A. 79-2804b controlled. In Matlock the Court held that an action under the Code of Civil Procedure for the collection of debts would not lie for the collection of delinquent property taxes because the tax foreclosure statutes were intended by the Legislature to be the sole method for collection. Similarly, in Jesberg the Court cited Sherman County Commissioners v. Alden, 158 Kan. 487 (1944) for the proposition that statutes covering general foreclosure sales and deeds do not govern tax foreclosure proceedings controlled by K.S.A. 79-2801 et seq.: "[A]ctions prescribed by the civil code do not lie for [the] recovery [of taxes]." In Phillips the Court again found that K.S.A. 79-2804b was controlling in determining the limitation on filing actions to set aside a tax foreclosure sale conducted pursuant to K.S.A. 79-2801 et seq.
In so holding, the Court specifically overruled several prior decisions that had held otherwise on this particular point. 179 Kan. at 497.
It is our opinion, however, that the Court's decision in Moorhead v. Guliford, 163 Kan. 730 (1947), is controlling in this instance. The action was one to quiet title to real estate that had been purchased at a tax foreclosure sale conducted pursuant to K.S.A. 79-2801
et seq. The purchaser at the sale failed to record the sheriff's deed until after more than five years had passed from the time of the sale. In the meantime, a warranty deed had passed from the original owners/tax debtors to a third party who had no actual notice of the tax sale; the records did not disclose that the tax debtors had been made parties to the general action to foreclose tax liens. The warranty deed was recorded immediately. The purchaser at the tax foreclosure sale argued that the tax foreclosure statutes were the exclusive remedy for the foreclosure of tax liens and that by operation of those statutes he had become the owner of the fee simple title and that all third parties had constructive notice of that fact and would purchase subject to his rights. The Court stated in pertinent part:
 "At the outset we should deal with the argument of defendant that G.S. 1945 Supp. 79-2801 to 79-2809 is full and complete as to procedure and remedy and no provision of the code may be considered when construing procedures under it. We have never held that pertinent provisions of the code of civil procedure had no place in considering a construction of the tax foreclosure act. There are many procedural steps in carrying on a tax foreclosure action where the code must be followed. For instance, the first section of the act provides for service of summons and for service by publication, as provided in the code. Where there is a procedural step which is not clearly provided for in the tax foreclosure statute we will look to the code just as in other actions."
The Court then went on to find that the lis pendens statute then in effect (G.S. 1935 60-2601) did not apply under the circumstances because the tax foreclosure action was not pending as to the original tax debtors at the time the warranty deed was executed and filed by virtue of the operation of another provision of the civil procedure code in existence at that time, G.S. 60-3458, requiring the purchaser of real estate at sale to record within six months after the expiration of the time of redemption. Because the purchaser at the tax foreclosure sale did not file his deed of record within this time period, there was held to be no action pending and no constructive notice on third parties lacking actual knowledge of the sale. Had the timing been different, lis pendens would have been applicable.
While this case predates those cited above, it has never been overruled. In determining which cases needed to be overruled, the Pierce Court did not discuss Moorhead v. Guliford. Additionally, we believe Moorhead is distinguishable from these other cases.
Pierce et al. dealt with situations where the parties were attempting to use provisions of the Code of Civil Procedure in lieu of specific provisions in the tax foreclosure statutes. In Moorhead there was no specific provision in K.S.A. 79-2801 et seq. that would conflict with the provisions at issue. The same appears to be true with regard to K.S.A. 60-2201.
You also are concerned that K.S.A. 60-2201 is prefaced by the phrase "[w]hen a petition has been filed in the district court pursuant to chapter 60 of the Kansas Statutes Annotated . . . ." (Emphasis added). The emphasized language was not a part of the lis pendens statute at the time Moorhead was decided. We do not believe, however, that this language necessarily precludes application of the doctrine of lis pendens in actions not filed pursuant to chapter 60. Courts in other jurisdictions have generally viewed statutes which provide for the filing of formal notice of lis pendens in certain circumstances "as modifications of, or limitations on, the common-law doctrine, rather than as abrogations of that doctrine, . . ." 51 Am.Jur.2d Lis Pendens § 6 (1970).
 "Accordingly, the common law is generally applied with respect to matters as to which the statutes are silent. Under the common law, . . . the mere pendency of litigation, even without the filing of any formal notice of lis pendens, may be sufficient to put the rules of that doctrine into operation against pendente lite purchasers and the like." Id. (Citations omitted).
There are no cases in Kansas decisive of this issue. However, in view of the existing actual and constructive notice and lien provisions in the tax statutes (see K.S.A. 79-1804, taxes on real estate become a lien thereon on the first day of November in the year levied; K.S.A. 79-2301 et seq., sale of real estate for taxes, notice; and K.S.A. 1996 Supp. 79-2801, petition must set forth a description of the real estate, service of process as prescribed in the Code of Civil Procedure) and the purposes underlying the doctrine of lis pendens, we believe the doctrine would generally be held to apply to tax foreclosure actions brought pursuant to K.S.A. 79-2801 et seq. But see Chapin v. Aylward,204 Kan. 448, 455 (1970) wherein it was held that the statutory provisions for constructive notice must give way where the facts clearly establish a denial of constitutional due process.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm