## ROOS-MEYER-HECHT COMPANY v BALL et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1106.   Decided Jan 13, 1932

Cecil L. Hall, Cincinnati, and Burkhardt, Heald & Pickrel, Dayton, for plaintiff in error.

Compton & Compton, Dayton, for defendants in error.

KUNKLE, J.

Various errors are assigned in the petition in error and urged by counsel for plaintiff in error both in their brief and in the oral argument.

One of the errors principally complained of in the oral argument of counsel for plaintiff in error related to the misconduct of the jury. This misconduct is set forth in detail on pages 5 and 6 of the bill of exceptions.

Immediately after the impanelling of the jury and statement of the case by the attorneys, counsel for defendant in error requested the court to have the jury view the premises for the purpose of applying the evidence, and also requested that the bailiff in charge of the jury call the attention of the jurors to some four different features connected with this floor. This request for an inspection of the premises was joined by counsel for plaintiff in error. The court, on page 4 of the bill of exceptions, clearly

and properly instructed the jury as to their conduct while making this inspection.

Upon return of the jury from such inspection, and before proceeding with the taking of testimony, one of counsel for plaintiff in error (page 5 Record) addressed the court as follows:

"Mr. Hall: During the view of the premises by the jury under the court's instructions, some employe, agent or someone either connected with the defendant, or with The Stone Motor Car Company, placed upon the floor a purported straight-edge approximately 16 feet and moved it to various positions on the floor, so that the jury might view the floor under such straight-edge, as to its being level, which matter was not included in the instructions, or motion, to the jury when they were to view the premises, as only certain portions of the floor, as designated and marked as submitted by the defendant in his motion, and joined in by the plaintiff, were to be considered by said jury. Therefore, the plaintiff objects to such action, and the court is requested to instruct the jury to disregard it."

At the conclusion of the statement of counsel, the court instructed the jury as follows:

"THE COURT: Members of the jury, when the court instructed you to go down and view the premises, the statement was made to you that what you saw down there could not be used as evidence in this case. The only purpose of the view was to permit you to more clearly follow the evidence as it would be presented to you from the witness stand in this court. Information has come to the court that while you were down there someone connected with the tenant, or someone else down there, without any authority or consent from either party to this case, used what is known as a straight-edge, the apparent purpose of which is to determine whether or not the floor at certain places is or is not level. As that may be one of the questions involved in this case and upon which testimony may be offered, the court asks you now,—states to you that you cannot consider that demonstration as a part of the evidence in this case. The person had no right to do it, and if any impression was made upon your minds by that demonstration, as to any condition that might be an issue in this case, it is particularly important that you remove that entirely from your minds. In other words, you are to decide this case upon the evidence which you hear from the witness stand and information from no other cource. So, kindly bear that in mind and do not permit your minds to be influenced by what you saw down there, either by this demonstration or by anything else you saw down there. The purpose of that inspection was stated to you at the time you went down to view the premises.

Thereupon, statements of the case were made to the jury by counsel for both the plaintiff and the defendants.

And thereupon, counsel proceeded with the presentation of testimony."

It appears from the record that before the taking of testimony was begun, before any proceeding was had after the return of the jury from viewing the premises, that the attention of counsel for plaintiff in error was called to the alleged misconduct upon the part of the jury and that counsel directed the attention of the court thereto and that the court specifically instructed the jury as to their duties. After this admonition by the court, no further objection was made by counsel for plaintiff in error, but they proceeded to present their case to the jury. With full knowledge as to what had transpired, if they desired to rely upon this misconduct of the jury, they should then have asked the court to withdraw a juror. In other words, counsel, with full knowledge of what had transpired could not take a chance upon a verdict of the jury and when this chance turned out to be unfavorable, then complain of such misconduct upon the part of the jury. The misconduct of the jury was waived by counsel by proceeding with the trial of their case.

The question of the misconduct of the jury was also raised by motion for a new trial. For the information of counsel, we call their attention to the fact that such misconduct of the jury is not properly before this court for review. We do find among the original papers several affidavits, one of which is signed by an officer of plaintiff in error who claims that he was present and witnessed this misconduct and doubtless was the person who called his counsel's attention thereto when the matter was originally presented to the court. Whatever hearing was had before the trial judge upon the question of misconduct of the jury, either by affidavit or otherwise, should be presented to this court in the form of a bill of exceptions, with a certificate of the trial judge that such bill contains all the evidence heard upon such motion. As above stated, we do find in the

original papers several affidavits which we assume were used upon this hearing but we are not advised by a certificate of the trial judge as to what additional affidavits or other testimony, if any, may have been heard.

Complaint is also made on page 151 of the record as to the charge of the court. The court charged the jury as follows:

"So, members of the jury, the law in this state where an article or product is ordered from sample, that that which is furnished must correspond with that sample."

Sec 8396 GC provides that,

"In case of a contract to sell or a sale by sample—(a) there is an implied warranty that the bulk shall correspond with the sample in quality."

Counsel contend that by reason of the failure of the court to include the words "in quality" that the charge as given was misleading and erroneous.

The charge as given was general, viz: that the article must correspond with the sample. That would include not only the quality but all other features of the sample. We cannot see how plaintiff in error was prejudiced by the charge of the court as it included not only that which counsel say was omitted, but also included all other features connected with the sample. When the entire charge upon this subject is considered, we do not think the jury could possibly have been mislead to the prejudice of plaintiff in error.

The record discloses that the principal objection made by defendant in error to this floor as laid related to its unevenness and the fact that it was not level and that small pools of water gathered on the floor after the same had been flushed. Another principal objection to the floor was its want of artistic appearance.

We have considered all the objections to the charge of the court urged by counsel for plaintiff in error, but when the entire charge of the court is considered, we think it fully and fairly presented the issues to the jury for its consideration.

We have examined the record in so far as it relates to the admission and rejection of testimony but find nothing therein which we consider prejudicial to plaintiff in error.

We have considered all of the errors urged by counsel for plaintiff in error but finding no error in the record which we deem prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.