SCHMOTZER, A MINOR, APPELLANT, *v.* SIXT, A MINOR, ET AL., APPELLEES.

SCHMOTZER, APPELLANT, *v.* SIXT, A MINOR, ET AL., APPELLEES.

(Nos. 22326 and 22327—Decided February 18, 1952.)

*Messrs. Endress & Endress,* for appellants.
*Messrs. Bulkley; Butler & Rini,* for appellees.

THOMPSON, J. The two companion cases before this court on appeal on questions of law were tried at the same time to the trial judge and jury in the Common Pleas Court. One case involves a suit by a minor, by his mother and next friend, to recover for personal injuries suffered when thirteen years of age and while riding a bicycle; the other suit is by the mother in her own behalf for loss of services and for expenses. Defendants in each case are a minor and his mother, the minor being the operator of a motor vehicle with which the minor plaintiff collided. A separate verdict was returned in favor of defendants in each case and a judgment in accordance therewith was thereupon rendered by the court.

Various errors are alleged in this court, the principal errors asserted being misconduct of the jury, misconduct of the prevailing parties, and error of the trial court in overruling a motion for new trial in each case, based on the alleged misconduct, and other claimed errors.

We have examined the record in these cases with care. It becomes unnecessary to discuss the facts relating to the accident itself. Important, so far as alleged misconduct of the jury and of the prevailing party in each case is concerned, is the fact that during the course of the trial, which commenced on June 13, 1951, a view of the premises by the jury was requested by defendants' counsel, and such view was granted by the court pursuant to Section 11420-2, General Code. Upon return of the jury from a view of the premises on June 15th, the bill of exceptions shows no exceptions taken by the parties to any events transpiring on that occasion. It appears, however, from various affidavits filed by attorneys for plaintiffs in connection with their motions for new trials, that certain events occurred during the inspection of the premises, to which we are required to give attention.

At the hearing of the motion for new trial in each case, the bailiff in charge of the jury testified that at the scene of the accident counsel for plaintiffs in the presence of counsel for defendants complained that the minor defendant was talking to the jurors. The bailiff then stated:

"So I went up and I told the defendant he cannot speak to the jury; told him that was orders from the court, and then I asked jurors No. 1 and 5 if he had talked to them and they says he did but they paid no attention to him.

"Q. But they did say he had talked to them? A. Yes, but they paid no attention to him; didn't know what he said."

The bailiff stated also that these facts were made known informally to the trial judge in his chambers by counsel after return from the view of the premises. No cross-examination of the bailiff was had.

An affidavit of juror Bridget Murray was also presented at the time of the motions for new trial, in which the juror stated that while viewing the premises she overheard the minor defendant remark to his mother, the second named defendant, that "they are trying to prove that I was cutting this way instead of out further."

A deposition of the defendant, mother of the defendant minor, was also introduced in evidence to substantiate further the motion for new trial, in which she stated that her son did not speak to members of the jury while viewing the premises. She stated that her son was talking to her and not to the jury at the time of the remarks complained of. The deposition of the minor defendant, also offered in evidence for purpose of the motion for new trial, denied that he talked to the jury at the scene of the accident. The testimony of juror Henry Woloszynek was also offered. This juror, when asked whether defendants

talked to him during inspection of the premises, replied: "they did talk to some one. They didn't talk to me."

The affidavit of juror Viola Riedel was also offered, and in this affidavit she declared that at the time of viewing the premises she overheard the minor defendant say "this is where it happened." She testified also that defendant, in making the remarks quoted, pointed to a spot around the bend in the road. The witness declared further that she heard the bailiff instruct the defendant not to talk to anyone, and that the bailiff at the same time cautioned the jurors not to talk to the defendant. Affidavits of both attorneys for plaintiffs were also submitted, stating that the jury was talked to by the defendant at the scene of the accident, that both attorneys at once called the bailiff's attention thereto, and that the bailiff immediately instructed defendants and the jurors to refrain from speaking to each other.

We have recited substantially the entire evidence before the trial court on this phase of alleged misconduct relating to conversations by the minor defendant at the scene of the accident. This court is committed to the well recognized principle that the verdict of a jury is not to be impeached except by evidence aliunde. *Wicker* v. *City of Cleveland,* 150 Ohio St., 434, 83 N. E. (2d), 56. The extent of this principle was discussed by this court in a recent case. *Hutchinson, Admx.,* v. *Laughlin, Jr.,* 90 Ohio App., 7, 102 N. E. (2d), 875, a decision referred to by counsel in argument. That case appears to us inapplicable to the circumstances outlined, since any misconduct at the time of the viewing of the premises was that of the defendant and not that of the jurors. The remarks of the minor defendant, whether for the benefit of the other defendant or for that of the jurors, are in no sense to be approved. His conduct was wholly im-

proper and it emphasizes once more the necessity for utmost caution on the part of a trial judge and most explicit instructions by him in delivering a jury into the care of a bailiff in connection with any viewing of premises authorized under Section 11420-2, General Code.

We are confronted with the question whether the conduct recited on the part of the minor defendant requires, without more, that a new trial be granted in these cases. In deciding that question, we note that all the circumstances transpiring at the scene of the accident were known to counsel at the time. The bill of exceptions discloses the point at which the court adjourned on the third day of the trial in order to permit the jury to visit the scene of the accident. When court resumed, the bill of exceptions is silent as to any incident during the visit to the premises. We would not now, as a reviewing court, have any information as to what transpired at the scene of the accident were it not for the motions for new trials and the testimony there introduced. That testimony discloses that the circumstances first formally complained of at the time of the argument of the motions for new trials were previously reported to the trial judge informally by counsel, upon return from the scene of the accident. No formal exception, however, was taken by counsel for plaintiffs at the time. Can counsel now formally urge in this court misconduct of one of the parties, where no exception was entered in the record when the irregular incident occurred? It is unnecessary for us to decide here whether the testimony might have warranted the declaration of a mistrial or whether a motion for withdrawal of a juror, if immediately requested, should have been granted. We find that any error was waived by failure to make formal objection at the time. On this point, see 30 Ohio Jurisprudence, 65, "New Trial," Section 31, as follows:

"Misconduct of a party and his counsel during the progress of the trial, if deemed prejudicial by the opposite party, and known to him when it occurs, should be brought to the attention of the court at the time it is observed; it is too late to urge it for the first time upon a motion for a new trial."

In *Roos-Meyer-Hecht Co.* v. *Ball*, 12 Ohio Law Abs., 619, during a view of the premises, one of the employees of the defendant made certain demonstrations for the benefit of the jury. Although counsel called the alleged misconduct of the employee to the attention of the court, no formal objection was made and counsel for plaintiff proceeded with their case. A motion for new trial subsequently urged by counsel for plaintiff, citing misconduct by the defendant, was overruled. The Court of Appeals of the Second Appellate District commented with reference to the failure of counsel for plaintiff to object to the misconduct at the time of the occurrence, as follows:

"* * * With full knowledge as to what had transpired, if they desired to rely upon this misconduct of the jury, they should then have asked the court to withdraw a juror. In other words, counsel, with full knowledge of what had transpired could not take a chance upon a verdict of the jury and when this chance turned out to be unfavorable, then complain of such misconduct upon the part of the jury. The misconduct of the jury was waived by counsel by proceeding with the trial of their case."

See, also, *Newport & Cincinnati Bridge Co.* v. *Jutke*, 6 C. C. (N. S.), 189, 17 C. D., 541, affirmed in 74 Ohio St., 442, 78 N. E., 1133.

Other grounds of misconduct were urged upon the trial court in argument of the motions for new trial. These errors appear to us more substantial, and, in order to appreciate their seriousness, it becomes essential that we examine further into the facts with

reference to the verdict rendered in the first case at about 4:15 in the afternoon of June 20th, and the verdict rendered in the second case at about 10:30 o'clock the next morning.

Examination of the court's charge to the jury shows that both cases were submitted to the jury at the same time, and that proper forms of verdict covering each case were delivered to the jury. When the jury returned in the late afternoon with the verdict in the first of the two cases, that of the minor for his personal injuries, counsel for the parties were not present in court and the only party present was the minor defendant. The trial judge received the verdict of the jury. The testimony subsequently introduced at the hearing of the motions for new trial reveals that the trial judge, in accepting the verdict in favor of defendants in the suit for personal injuries, announced the result and then suggested that the minor defendant might like to thank the jury, which he then proceeded to do.

The court obviously was either not aware that verdicts had not been returned in both cases, or forgot that two cases had been submitted to the jury. The judge made no inquiry about the second case. As the jurors left the court room they met the minor defendant in the hall and there ensued considerable conversation between the minor defendant and several members of the jury. The deposition of the minor defendant, introduced on the hearing of the motions for new trial, admitted that he conversed with the jurors in the corridor of the court house after the verdict, although he denied having made some of the statements attributed to him in affidavits of the jurors. According to the affidavit of one juror, defendant was asked where the wheels of his motor vehicle were with respect to the left edge of the pavement, a matter as to which there had been conflicting testimony. The

minor defendant gave information on this point according to the affidavits of at least two of the jurors. The affidavit of one of the jurors also alleged that the defendant was interrogated as to whether there was insurance and that defendant stated there was insurance and that his insurance company had paid all the plaintiff's medical and hospital bills. The affidavit of one of the jurors further stated that subsequently on the courthouse steps, as they were leaving the courthouse, two of the jurors were offered a ride by the minor defendant. Counsel for defendants have urged that no harm was intended by this latter act. This invitation by defendant, however intended, and the conversation of jurors and the defendant while the second case remained undecided constituted misconduct on the part of defendant, conduct prejudicial to plaintiff's rights to a fair trial, in view of the fact that no verdict had yet been rendered in the second case.

That the court and the jury were under the possible misapprehension that the second case had been decided when the court dismissed the jury cannot cure this error clearly prejudicial to plaintiff's rights in the second case. Since the verdict had already been rendered in the first case, the discussions of the minor defendant with the jury could not affect the case already decided and we therefore find no error in the trial court's overruling of the motion for new trial in the suit for injuries by the minor plaintiff.

As to the second case, the trial court abused its discretion in overruling the motion for new trial. The glaring nature of the misconduct in this case is manifest when we note that the trial court, upon discovering that the jurors had failed to reach a verdict in the second case, sent them back to the jury room the next morning to consider a verdict, and that they deliberated for an hour or an hour and a half before reaching a verdict in favor of defendant in the suit by plain-

tiff's mother for loss of services and for expenses. There is nothing in the record to indicate that the jury had in fact reached a verdict in the second case on the previous day, and we can only assume from the absence of further instructions by the court that the jury in fact deliberated and rendered its verdict in the second case the next morning, as stated in the affidavits and as shown by the transcript.

It is to be noted that the affidavits of jurors presented at the motion for new trial were supplemented by independent testimony on the part of defendant himself with respect to his misconduct. We, therefore, do not have here a case of attempted impeachment of a verdict of a jury by evidence of its own misconduct in the jury room. We have a case of misconduct on the part of the prevailing party. Some of the jurors may have thought that they had disposed of both cases when they asked the defendant questions in the corridor. Whether, however, the misconduct be considered that of the party alone or misconduct also of the jury, the testimony of defendant furnished such evidence aliunde of improper and detrimental conversations as to establish misconduct prejudicial to plaintiff in the second case. The trial court should have considered the testimony sufficient to require the granting of the motion for new trial in the second case.

In *Hutchinson, Admx.,* v. *Laughlin, Jr., supra,* this court recently declared as follows:

"* * * we reaffirm the wisdom of the rule against impeachment of the verdict of a jury by testimony of one of its members, unless corroborating testimony is produced from sources other than the deliberations in the jury room."

The instant facts present the corollary of the proposition. The testimony of jurors may be considered and the jury verdict impeached where there is corroborative testimony of misconduct by litigants or

jury from sources other than the deliberations in the jury room.

Counsel for defendant have suggested that the judgment in the second case for loss of services should be affirmed on the score that the judgment in favor of defendant in the first case necessitated a finding in favor of defendant in the second case. We do not understand this to be the law. The verdict of the jury in the first case may have been reached because of sole negligence of plaintiff, because of contributory negligence of plaintiff, or because the jury found neither party negligent. The plaintiff in the second case, in her suit for loss of services, was entitled to have her case considered on its own merits.

See 39 American Jurisprudence, 728, and cumulative supplement (1951 Pocket Parts) declaring as follows:

"A parent, in an action brought to recover for the expenses incurred, loss of services, etc., as a result of injuries to his child, is not bound upon the theory of *res judicata,* by the determination of negligence made in an action for the benefit of the child in which the parent appeared as next friend." See, also, Annotation in 133 A. L. R., 201, 202.

In view of our conclusion that the failure of the trial court to grant a motion for new trial in the second case on the ground of misconduct of the prevailing party amounted to an abuse of discretion and our decision to reverse and remand the case with instructions to grant the motion for new trial, it becomes unnecessary to discuss other errors raised by the plaintiff-appellant, with respect to the second case.

Judgment is affirmed in the case of *Leonard T. Schmotzer, a Minor,* v. *Willis Edward Sixt,* and in the case of *Evelyn Schmotzer* v. *Willis Edward Sixt,* the judgment is reversed for error of law in failing to grant the motion for new trial, and the case is remanded with instructions to the trial court to vacate

the entry overruling the motion for new trial and for further proceedings according to law.

*Judgments accordingly.*

SKEEL, P. J., and HURD, J., concur.