# T. J. HYMAN

*v.*

## THE CITY OF CHICAGO.

*Opinion filed December 20, 1900.*

1. SPECIAL ASSESSMENTS—*whether sidewalk intersections should be paid for by assessment is for the county court.* A city has power to pass an ordinance for the construction, by special assessment, of sidewalks as an entirety, including sidewalk intersections; and while the property owner may submit to the county court the question whether the city should not pay for such intersections, the Supreme Court cannot review the county court's decision thereof.

2. SAME—*one cannot object that ordinance oppresses other parties who do not complain.* If the evidence shows that the sidewalk in front of the objector's property is in bad condition and that a new walk is needed, he cannot complain that the ordinance is oppressive as to other property owners who have good walks.

3. SAME—*when description of stone for a sidewalk is sufficient.* The thickness of stone for a sidewalk is sufficiently specified by an

ordinance providing that no stone shall be less than four and one-half feet wide and ten inches in thickness.

4. SAME—*what does not render sidewalk ordinance void.* An ordinance for a fourteen-foot stone sidewalk from the lot line to the curb is not rendered void because of the fact that, owing to the objector's building being a few inches over the line, the space between the building and the curb is but thirteen feet.

5. SAME—*effect on sidewalk ordinance of proof of area in front of the building.* An ordinance providing for a sidewalk of such width as would cover an area in front of the objector's building, used for stairways and to furnish light to the basement, is not invalid, where there is no proof that the objector has a right to occupy such area as against the city.

MAGRUDER, J., dissenting.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

MARK BREEDEN, Jr., for appellant.

CHARLES M. WALKER, Corporation Counsel, DENIS E. SULLIVAN, and WILLIAM M. PINDELL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county confirmed a special assessment levied upon property of appellant on West Monroe street, in the city of Chicago, to pay the cost of building a stone sidewalk on both sides of said street from South Halsted street to Canal street.

In the county court appellant objected that the ordinance was void, and he now presents several reasons in support of that objection. The first is, that the ordinance provides for the construction of intersections and the payment of the cost thereof by special assessment upon the property benefited. The parts of the sidewalk which are called intersections by the parties and witnesses are those portions not directly in front of lots but which fill out the spaces at the corners of blocks from

the lot lines to the curb lines at intersecting streets. There is a space left at such places not directly opposite any lot, and known as an intersection. The statute, and this ordinance passed in pursuance of it, allow each owner thirty days to build a sidewalk opposite to his land and thereby relieve the same from assessment. It is apparent that if all property owners were to avail themselves of the privilege there would be no means of paying for the intersections by special assessment, and that part of the improvement would have to be made at public expense. Counsel says that if all the property owners except appellant, or a number of them, were to avail themselves of the privilege accorded by the statute and ordinance, they would be relieved from assessment by constructing the sidewalk in front of their property while he would be assessed for the cost of intersections or a portion of such cost. So far as the principle of justice and equality between property owners is concerned, the law and ordinance give to each one the same rights and privileges, and appellant, as well as any other owner, could have built his sidewalk and relieved his property from assessment. If he had done so he could not have been affected by the cost of intersections. Inasmuch as he could relieve his own property from assessment by building the walk in front of it, he must be taken to have preferred an assessment to building the sidewalk. He had a right to submit to the court the question whether justice required the city to pay for the intersections and ask the court to revise the distribution between the public and his property, but the decision of the county court on that question would have been conclusive. We have no right to review the question whether the city ought to pay for the intersections. *Bickerdike* v. *City of Chicago,* 185 Ill. 280.

It is said that there is no power granted by the law to pass such an ordinance as this, including the intersections; but the city had an undoubted right to provide for

the construction of the sidewalk as an entirety, including the intersections, and the only question would be whether the city or property owners should pay the cost of such intersections.

It is also urged that the ordinance is unreasonable because portions of the sidewalk are good sidewalks of stone or cement. The evidence shows that the walk in front of appellant's property was an old board walk in bad and dangerous condition. A new sidewalk was needed, and he could have built it as provided by the ordinance, in which case there would have been no assessment. Under such conditions he cannot complain that the ordinance is oppressive as to other property owners who make no objection. The whole extent of the requirement against him was to build the walk in front of his lot where it was needed. He could not be heard to say that he would not comply because some one else had a good walk.

Another objection to the ordinance is, that it does not sufficiently describe the improvement. Under this head it is said, first, that the thickness of the stone is not given. It provides that no stone is to be less than four and one-half feet in width and ten inches in thickness. That is sufficient. It is also said that neither the length, thickness nor width of the lintels supporting the stone is given. The lintels are to rest on supporting columns not more than eight feet from the centers, which gives the length, and the lintels are to be one and one-fourth inch iron lintels. Appellant produced a witness and proved by him that the ordinary lintel is beam-formed, about nine inches deep, and in view of that fact it is plain that one and one-fourth inches is the thickness. It is also urged that four-inch cast-iron supporting columns are not sufficiently described, because they may be solid or hollow, square or round. The ordinary meaning of the description would be a solid body of cast-iron in the form of a column, which is ordinarily round, and be four inches

in diameter. In almost any case ingenious speculation may raise a question as to what might possibly have been meant, but it does not seem difficult to understand what was undoubtedly intended.

It is urged, however, that the description in the ordinance does not fit the locality in front of appellant's property. It was proved to be thirteen feet from the building to the curb, and the ordinance provides for a fourteen-foot sidewalk from the lot line to the curb, which is fixed as the outer line of the walk. Of course, the curb would control the distance, and it appears that appellant's building is a few inches over the lot line. We do not think the discrepancy renders the ordinance void. Any person estimating the cost, as well as any bidder, could see what was to be done, and would be presumed to act upon the rule that the curb line would control.

It was also proved that there was an open area 3.7 feet wide, extending along appellant's building in the street a distance of 83.7 feet, guarded by iron railings, for the purpose of giving light to the basement, with stairways leading down. It is said that the sidewalk could not be extended from the curb line to the building because of this area. There was no proof that it could not, or that appellant had a right, as against the city, to occupy a portion of the street with his area and stairways. The city may choose to cover this area with the stone sidewalk, and has a perfect right to do so.

There is no substantial objection to the assessment, and the judgment of the county court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.