THE CITY OF CHICAGO

*v.*

A. E. BURKHARDT.

*Opinion filed October 23, 1906.*

1. SPECIAL ASSESSMENTS—*the building of sidewalk by property owner relieves the property from any assessment for intersections.* Under section 34 of the Local Improvement act, as amended in 1901, an owner of property to be improved by a sidewalk is entitled, by building the walk in conformity with the ordinance and within the specified time, to entirely relieve his property from special assessment for the cost of intersections or any other portion of the walk.

2. SAME—*when property owner may disregard notice.* Notice to a property owner of the passage of a sidewalk ordinance, stating that he would be allowed a certain time to build the walk and relieve his property from special assessment except for a small sum for his proportionate share of the cost of intersections, does not conform to the law, and he may disregard the notice and object to its sufficiency upon application for confirmation of the assessment.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

CHARLES H. MITCHELL, and JOHN M. O'CONNOR, (JAMES HAMILTON LEWIS, Corporation Counsel, of counsel,) for appellant.

GEORGE A. MASON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Upon the hearing of objections filed by appellee, the county court of Cook county dismissed the petition of appellant for the confirmation of a special assessment against the property of appellee under an ordinance providing for the construction of a cement sidewalk fourteen feet wide on both sides of Sedgwick street from North avenue to Chicago avenue.

The ordinance provided that the cost of the sidewalk should be paid by special assessment, in accordance with the Local Improvement act of 1897 and the amendments thereto. Section 34 of that act as amended in 1901, so far as material in this case, is as follows: "Whenever any ordinance shall provide only for the building or renewing of any sidewalk, the owner of any lot or piece of land fronting on such sidewalk shall be allowed forty (40) days after the time at which said ordinance shall take effect in which to build or renew such sidewalk opposite to his land, and thereby relieve the same from assessment: *Provided,* the work so to be done shall in all respects conform to the requirements of such ordinance. Notice of the passage of such ordinance shall be sent by mail within ten days after such passage to the person who paid the taxes on said premises for the preceding year, if he or they can be found in said county, and also a like notice addressed to the 'occupant' of said property, if the same be at such time actually occupied, and an affidavit of such service shall be filed with the official report of such assessment. Such affidavit shall be *prima facie* evidence of a compliance with said requirements." (Laws of 1901, p. 105.)

The notice mailed to appellee stated that he would be allowed until May 2, 1905, in which to build the sidewalk opposite to his land in conformity with the requirements of the ordinance, and thereby relieve the same from assessment, except a small sum for his proportionate share of the cost of the intersections, if any, along the line of the proposed improvement. He objected to the assessment on the ground that the notice did not comply with the statute, which afforded him an opportunity to relieve his property entirely from assessment by building a sidewalk in front of it, in conformity with the ordinance, within forty days after the ordinance took effect. The building of a sidewalk within that time relieves property absolutely from any assessment for the cost of intersections or any other portion of the sidewalk.

(*Hyman* v. *City of Chicago,* 188 Ill. 462.)   The notice informed appellee of the passage of an ordinance not in conformity with the law in stating that his property would still be liable to special assessment for his proportionate share of the cost of intersections along the line of the sidewalk. Counsel for appellant concede that the notice mis-stated the law, but they contend that the law only required that appellee should be notified by mail of the passage of the ordinance; that the other matter contained in the notice was mere surplusage, and that appellee was presumed to know the law, and to know that building the sidewalk would relieve his property absolutely from any assessment. If appellee was conclusively presumed to know of the existence of the statute, there was no conclusive presumption that the city was proceeding in compliance with the statute, and when he was advised to the contrary by the notice, he was not bound to give any attention to it. Knowing of the statute, he knew that he was entitled to notice, in accordance with its terms, of the passage of any ordinance. The manifest purpose of section 34 is to advise the property owner that an ordinance has been passed under which he will have the privilege of building the sidewalk within a specified time, and thereby relieving his property from assessment. The notice in this case informed appellee that he could only relieve his property from assessment in part, and that his property would still be subjected to a special assessment for some further small sum as his proportionate share of the cost of intersections. This was something more than surplusage, and advised appellee that he would be deprived of substantial rights conferred upon him. The court did not err in sustaining the objection.

The judgment is affirmed.       *Judgment affirmed.*

Mr. JUSTICE CARTER took no part in the decision of this case.