T. Arthur Pearson

*vs.*

Lloyd G. Hanna

Lincoln.    Opinion, January 3, 1950.

Per curiam.

On motion. This is an action to recover damages for personal injuries suffered in an automobile accident which occurred between 12 o'clock noon and 1 P. M. on the eighth day of July, 1947. The case was tried at the November Term 1948 of the Superior Court held in Lincoln County. The jury returned a verdict for the plaintiff in the sum of $5,000. The defendant filed a motion for a new trial on the

sole ground that the damages were excessive. The case is now before this court on said motion.

As a result of the accident the plaintiff was rendered unconscious and so continued until the following day. He suffered what is commonly known as a brain concussion. His nose was broken, his face was discolored to a marked degree about both eyes, his right eye was completely closed and for four or five weeks he had a complete numbness of the right side of his face which extended from the lower part of his right eye, the side of his nose, and included a portion of his lip and all of his right cheek. He lost blood and required the administration of blood plasma. In addition to the foregoing injuries, the jury were justified in finding that as a result of the accident the plaintiff received an injury to his brain; that, although the plaintiff had never had headaches before the accident, commencing in April, 1948, his brain injury caused recurring headaches of increasing frequency, severity and duration. The jury were further justified in finding that the brain injury itself was progressive in its nature and that the ultimate result thereof could not be predicted with certainty.

In actions of this nature there can be but one recovery. The jury's award of damages is in full for all injuries proximately caused by the accident, be they past, present or future.

The assessment of damages is the sole province of the jury. Although we have the power to set aside verdicts because of excessive damages, it is not for this court to substitute our judgment for the considered judgment of the jury. As said in *Cayford* v. *Wilbur*, 86 Me. 414, 416, with respect to the amount of damages awarded by a jury:

"As a general rule, the parties are entitled to the judgment of the jury and not of the court upon that question. There are cases, to be sure, where the court will intervene; but those cases will be governed by the evidence and circumstances of

each particular case. The court will not, however, set verdicts aside on the ground that the damages are excessive or inadequate unless it is apparent that the jury acted under some bias, prejudice or improper influence, or have made some mistake of fact or law."

This case presents no such situation. Although the damages here awarded may seem to be upon the liberal side, they are not so disproportionate to the injuries suffered as to require us to set aside the verdict either unconditionally or conditioned on the filing of a remittitur.

*Motion overruled.*

*Robinson, Richardson and Leddy,* for plaintiffs.

*William B. Mahoney,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.