PATRICK, APPELLEE, *v.* YELLOW CAB CO., APPELLANT.

(No. 22755—Decided October 13, 1953.)

*Mr. E. E. Lurie* and *Mr. A. L. Sherwin,* for appellee.
*Messrs. Halle, Haber, Berick & McNulty,* for appellant.

*Per Curiam.* In this case defendant, appellant herein, appeals on questions of law from a jury verdict for $1,000 and judgment thereon in Common Pleas Court in favor of plaintiff, appellee herein. The plaintiff was injured on his buttock and left arm when struck by a cab of the defendant company, while standing somewhere within 10 to 12 inches of the curb on the west sidewalk of East 105th Street, 40 feet north of Euclid Avenue, in the city of Cleveland, and while facing south. The cab was proceeding south in the curb lane. No claim was made by either party that the plaintiff at any time stepped into the roadway or that the cab mounted the curb onto the sidewalk.

The assignments of error are that the trial court erred in the admission and exclusion of evidence and in its charge, that the verdict was against the weight of the evidence, that counsel engaged in improper argument, and that there was misconduct of the jury. We have read the bill of exceptions and considered all assignments of error, and find none prejudicial to the substantial rights of the defendant.

One of the jurors was questioned on the witness stand, during the oral hearing on the motion for new trial, as to whether she made measurements of a cab during the trial while away from the jury room. Such interrogation was permitted by the court over the objection of the plaintiff. Counsel for the defendant then cross-examined this juror as to a statement allegedly made by her to a representative of the cab company during an interview at her home after the verdict. The court sustained an objection to this line of questioning with the statement that "the interview of a juror with respect to his services and actions as a juror in this clandestine way is illegal and is an obstruction of justice." The court subsequently ruled that it could not entertain any of the evidence of this juror for the purpose of impeaching the verdict of the jury, since there was no evidence *aliunde* supporting it, and overruled the motion for new trial.

Defendant says, with regard to this episode, that the trial judge entertained two misconceptions: (1) that the evidence sought to be developed is not admissible; and, (2) that it is "il-

legal" to interview a juror *after the verdict* about factors that influenced his verdict.

We shall answer the second of these propositions first by saying that there is no rule or provision of law or public policy which prohibits the informal interrogation of a juror after the return of a verdict. A juror so interviewed may respond or not as he sees fit, but any statement made by the juror as to his or any other juror's conduct in or out of the jury room is inadmissible for the purpose of impeaching the verdict in the absence of evidence *aliunde.*

In Ohio, a court, on the ground of public policy, will not entertain the testimony of a juror as to his misconduct for the purpose of impeaching a verdict, whether the occurrence took place inside or outside the jury room, unless in respect to such misconduct there is evidence *aliunde.* To permit a juror to impeach the verdict after rendition would open the door to an endless attack upon all jury verdicts, encourage fraud and place the prevailing party at the mercy of jurors who are dissatisfied. The stability of verdicts cannot be thus hazarded.

As stated in 3 Graham and Waterman on New Trials, 1428, the grounds for the rejection of such evidence are:

"1st. Because they would tend to defeat their own solemn acts under oath.

"2nd. Because their admission would open a door to tamper with jurymen after they had given their verdict.

"3rd. Because they would be the means, in the hands of a juror, to destroy a verdict at any time after he had assented to it."

See *Marmorstein, Recr.,* v. *Schuck, an Infant,* 29 Ohio App., 145, 163 N. E., 218; *Hutchinson, Admx.,* v. *Laughlin,* 90 Ohio App., 5, 102 N. E. (2d), 875; *Schmotzer, a Minor,* v. *Sixt, a Minor,* 91 Ohio App., 295, 108 N. E. (2d), 154; *Hyman* v. *City of Chicago,* 188 Ill., 462, 59 N. E., 10; *Wyckoff* v. *Chicago City Ry. Co.,* 234 Ill., 613, 85 N. E., 237; *Phillips* v. *Rhode Island Co.,* 32 R. I., 16, 78 A., 342, 31 L. R. A. (N. S.), 930; *Wicker* v. *City of Cleveland,* 150 Ohio St., 434, 83 N. E. (2d), 56.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

HURD, P. J., KOVACHY and SKEEL, JJ., concur.