BRADISH, Respondent, v. BRITISH AMERICA ASSURANCE COMPANY, Appellant.

*February 4—March 8, 1960.*

602

For the appellant there was a brief by *Hughes, Anderson, Davis & Walker,* and oral argument by *John L. Davis* and by *Harold Witkin,* all of Superior.

For the respondent there was a brief by *Borg, McGill & Moodie* of Superior, and oral argument by *Douglas S. Moodie.*

BROWN, J. The case turns upon the meaning to be ascribed to the words "Collapse of building(s) or any part thereof," as "collapse" is used in the insurance policy. The plaintiff contends that there was a collapse of a part of the building and the defendant contends that there was no collapse whatever. On the facts as above stated the trial court found that there had been a collapse within the meaning of the policy.

Appellant cites numerous dictionaries defining "collapse" which, in general, paraphrase the Century Dictionary as follows:

"To fall together, or into an irregular mass or flattened form, through the loss of firm connection or rigidity and support of the parts, or loss of the contents, as a building through the falling in of its sides, or an inflated bladder from escape of the air contained in it."

Appellant submits that coverage against a collapse is limited to such an occurrence. Of course, such a falling would be a collapse. It is undisputed that this wall did not fall into an irregular mass or flattened form. The question is whether something short of a wall reduced to a heap of rubble will satisfy the term "collapse" as used in the policy.

Two very recent cases have been reported requiring the interpretation of collapse coverage as the appellant's policy uses the term.

The first such case is *Travelers Fire Ins. Co. v. Whaley* (10th Cir. 1959), 272 Fed. (2d) 288. In that case the court said (p. 290):

"So here, we must construe the word in the context it was used by the parties in executing this insurance contract. Did the parties intend there should be no coverage, and, therefore, no recoverable loss, unless there was a complete collapse and tumbling down of the foundation wall, so as to cause the superstructure to come crashing down in a heap of rubble; or did they mean the more-realistic situation that if the foundation disintegrated by settling, pulling away or cracking so that it would no longer support the house, that there was a partial collapse? . . .

"If the appellant intended that the word 'collapse' should be ascribed the abstract dictionary definition it now contends for, it should have so stated. In the absence of such an expressed intent, we think it more realistic to define the terms in such a contract as connoting a sinking, bulging, cracking,

pulling away of the wall so as to impair its function of supporting the superstructure and destroying its efficiency as a habitation."

The second such case is *Jenkins v. United States Fire Ins. Co.* (Kan. 1959), 347 Pac. (2d) 417, 422, 423:

"When construed on the basis of intention, as required by the foregoing decision, and others therein cited, we believe the clause 'Collapse of building or any part thereof' as used in the involved insurance contract is to be interpreted as comprehending that, if brought about by unusual and extraordinary circumstances which the parties to that agreement could not normally expect or foresee on the date of its execution, the settling, falling, cracking, bulging, or breaking of the insured building or any part thereof in such manner as to materially impair the basic structure or substantial integrity of the building is to be regarded as a 'collapse' of the building within the meaning of that word as used in such clause of the policy. We further believe that questions relating to whether that condition came about under the previously related conditions and circumstances are questions of fact for the jury and the trial court."

We find no Wisconsin precedents to control us in the interpretation of policies purporting to grant coverage of loss caused by the collapse of an insured building or any part thereof. The interpretation of those terms adopted by the United States court of appeals, and the supreme court of Kansas, as expressed in *Travelers Fire Ins. Co. v. Whaley, supra,* and *Jenkins v. United States Fire Ins. Co., supra,* is persuasive to our minds and we adopt as our own their definitions and applications of collapse coverage as presented by the facts of the instant case.

These facts demonstrated that before remedial measures were taken the basement south wall had bulged and cracked in such a manner as to impair materially the wall's basic

structure and substantial integrity. We conclude, therefore, that a collapse occurred to a part of the insured building and the defendant is liable upon its policy for the loss attendant upon "collapse."

*By the Court.*—Judgment affirmed.