402 P.2d 945

Aubrey NASH and Patricia Nash, Plaintiffs-Appellees,

v.

William B. HIGGINS, Defendant-Appellant.

No. 7618.

Supreme Court of New Mexico.

June 7, 1965.

Rowley, Davis, Hammond & Murphy, Clovis, for appellant.

Hart & Brockman, Tucumcari, for appellees.

CHAVEZ, Justice.

Defendant-appellant William B. Higgins appeals from that portion of the judgment awarding $7,400 to plaintiffs-appellees for loss of earnings and earning capacity of appellee Patricia Nash.

Appellees filed suit against appellant seeking damages for injuries received by Patricia Nash as a result of an automobile collision; for damages to the vehicle driven by Patricia Nash and owned by Aubrey Nash, for medical expenses and loss of use of the damaged vehicle, and for costs.

New South Insurance Company was added as a third-party plaintiff and it demanded judgment for $450.23 for damages paid by it for repairing appellees' vehicle in excess of the deductible.

Appellees Aubrey Nash and Patricia Nash are husband and wife. An automobile operated by Patricia Nash and owned by Aubrey Nash was struck in the rear by a vehicle driven by appellant.

The trial court found that, as a proximate and direct result of the negligence of appellant, appellee Patricia Nash sustained cervical hyper-extension sprain, contusion of the right lumbar area and injury to the distal joint of the second finger on the left hand, which finger had previously been injured; that by reason of the cervical hyper-extension sprain, appellee was 100% disabled for a temporary period of time commencing June 29, 1962, and gradually decreasing to a 5% permanent partial disability as of April, 1963, which 5% disability to the body as a whole is permanent; that appellee received a severe and disabling injury to the second finger on the left hand, which injury is permanent and the degree of injury to the finger is 70%, or 13% disability to the upper extremity and 5% disability to the person as a whole with 3% of said permanent disability proximately resulting from the negligence of appellant; that appellee was employed as a waitress · earning approximately $56 per week, received $50 per week from appellee Aubrey Nash for assisting in the operation of a service station, and also had duties as a housewife and mother; that appellant negligently drove his automobile into the rear of the vehicle operated by appellee Patricia Nash; that appellees were entitled to recover $7,400 as compensatory damages for loss of earnings and earning capacity of appellee Patricia Nash; that appellee Patricia Nash was entitled to recover from appellant $800 for pain and suffering, $554.16 for hospitalization, medical bills and expenses, and $60.50 for damages to appellees' automobile; and that New South Insurance Company is subrogated to the rights of appellee Aubrey Nash in the sum of $450.03, the amount paid by said Company on damages to appellees' automobile.

Judgment was entered in accordance with the facts as found by the trial court and notice of appeal was timely filed.

Appellant relies on the following points for reversal:

"1. That the judgment for $7,400.00 for loss of earnings and earning capacity of the plaintiff, Patricia Nash, is excessive, and is not supported by substantial evidence.

"2. That there is not substantial evidence to support the trial court's findings:

'5. That as a proximate result of the negligence of the defendant

and by reason of the cervical hyper-extension sprain, the plaintiff, Patricia Nash, was 100 per cent disabled for a temporary period of time commencing June 29, 1962, and gradually decreasing to a five per cent permanent partial disability as of April, 1963, which five per cent disability to the body as a whole is permanent.

'6. That as a direct and proximate result of the negligence of the defendant the plaintiff, Patricia Nash, received a severe and disabling injury to the second finger on the left hand, which injury is permanent and the degree of injury to the finger is 70 per cent of 13 per cent disability to the upper extremity and five per cent disability to the person as a whole with three per cent of said permanent disability proximately resulting from the negligence of the defendant.' "

■ The rule is well established in this jurisdiction that on appeal this court will consider only that testimony which supports the judgment, disregarding all evidence to the contrary, in determining whether the judgment is supported by substantial evidence. Perkins v. Drury, 57 N. M. 269, 258 P.2d 379; Herrera v. C & R Paving Company, 73 N.M. 237, 387 P.2d 339.

■ This court will grant relief from excessive awards, but in determining whether the award is excessive we will not weigh the evidence but look only to see whether the evidence, viewed in the light most favorable to appellee, affords substantial support for the award. Massey v. Beacon Supply Company, 70 N.M. 149, 371 P. 2d 798. We stated in Massey:

" * * * If it does, and there is no specific finding of an indication of passion, prejudice, partiality, sympathy, undue influence or a mistaken measure of damages on the part of the fact-finder, then the award will not be disturbed on appeal. * * * "

Dr. J. F. Robberson testified that the cervical hyper-extension sprain, as well as contusion of the right flank, sustained by appellee were a result of the automobile accident, and that appellee's subsequent pain resulted from the injuries received in the automobile accident; that appellee had a minimal 5% to 10% partial permanent disability, which had decreased from a rather marked inability to function normally immediately following the accident

Dr. J. R. Moore testified, in respect to the injury to the second finger on the left hand of appellee, that when he operated on appellee's hand he spent one-fourth of his time on the injuries which were caused by the automobile accident; that appellee lost the use of 70% of her finger; that the hand

condition was a 13% impairment of the upper extremity from the shoulder down, and that the present condition, or with the amputation as suggested, would result in an impairment of 8% of the whole body from both hand injuries, and the impairment of the body attributable solely to the second injury would be 3% of the body. Dr. Moore testified that he recommended amputation because the finger injury was permanent and the last joint of the finger was "more or less in the way now."

There is evidence that appellee had many duties at the service station after the first hand injury. After the injury here complained of, appellee was limited to book work at home and an extra man was hired to do the additional work created by appellee's absence.

■ Other evidence presented showed appellee had worked as a waitress after the first accident and could carry out her duties with little trouble, but that she was unable to do such work after the accident in question. The trial court found that appellee had earned approximately $106 per week as a waitress and service station helper prior to her injury. Appellant has not appealed from this finding and it is a fact upon which this case must rest on appeal. Brown v. Arapahoe Drilling Company, 70 N.M. 99, 370 P.2d 816.

The trial court made an award of $7,400 to appellee for loss of earnings and earning capacity. This award was based on the fact that appellee was 26 years old with a life expectancy of 45 years, and has a total permanent functional body disability of 8%. This award is approximately $165 per year compensation for the permanent loss of earning ability appellee has suffered.

All parties to this action assumed, as did the trial court, that the award of damages for loss of earning capacity was to be measured by a percentage of permanent functional body disability. We have, therefore, determined the issues involved in this appeal on the same theory of damages as was utilized by the trial court and by the parties in this court on appeal. Nothing which we have said in this opinion is to be considered as an approval by us of a rule of law that damages for permanent loss of earning ability or earning capacity are to be measured in all cases by functional body disability.

■ We hold that the award made by the trial court is supported by substantial evidence and, in addition, is free from any indication of passion, prejudice, partiality, sympathy, undue influence, or a mistaken measure of damages on the part of the fact-finder.

The judgment is affirmed.

It is so ordered.

NOBLE, J., and REESE, D. J., concur.