413 P.2d 217

Gladys STEPHENS, Plaintiff-Appellant,

v.

J. L. DULANEY, Defendant-Appellee.

No. 7682.

Supreme Court of New Mexico.

April 11, 1966.

William J. Heck, Hobbs, for appellant.

Neal & Matkins, Carlsbad, for appellee.

CHAVEZ, Justice.

This is an appeal by plaintiff-appellant from a judgment in favor of defendant-appellee in accordance with a jury verdict. The appeal is based solely upon the alleged error of the trial judge in submitting an instruction on assumption of risk to the jury.

Plaintiff alleged that on or about November 3, 1962, while she was smoking a cigarette near defendant's 1960 GMC pickup truck, its gasoline tank exploded and caught fire, resulting in injuries to plaintiff. Plaintiff also alleged that defendant was negligent in that he knew, or should have known, of a defect in the gasoline tank.

Defendant answered denying the allegations of the complaint and set up affirmative defenses of negligence solely on the part of plaintiff, contributory negligence and assumption of risk.

Evidence at the trial shows that plaintiff and defendant were on a hunting trip to northern New Mexico at the time of the accident. They were traveling in a truck owned by defendant. The truck was a 1960 pickup type made by General Motors. On such a truck the gasoline tank is located behind the seat and extends practically the width of the cab of the truck. Plaintiff knew that the gasoline filler spout, where the gasoline is put into the gas tank, is right by the door of the pickup on the driver's side about "two feet or a foot or so" from the top of the window. The gas gauge sits down into the gasoline tank, midway between each side, and is attached to the tank by screws or bolts. At times the testimony is confusing because the mechanic, who worked on the car, referred to the gas gauge where it is attached to the gasoline tank, while defendant indicates that his reference to the gas gauge involves, at times, the electrical indicator located on the dashboard. However, it appears that defendant had worked on the gauge attached to the tank, but be claims that he was not aware of any defect in the tank at the time of the accident. Defendant acknowledged it was his opinion that leaking gas fumes had caused the explosion.

Both plaintiff and defendant had been smoking in the truck as the parties were on their way from Lovington to Springer, New Mexico, the location of the accident. No trouble had been encountered after a stop for gasoline in Portales or Clovis, New Mexico.

At about 3:00 a. m. the parties stopped at a gasoline station in Springer and filled

the tank with gasoline. Plaintiff then drove the truck to a nearby cafe, some 50 to 75 feet from the gas station. Plaintiff left the truck to go into the cafe for a cup of coffee and defendant remained in the truck. At plaintiff's request, defendant locked both doors from the inside. When plaintiff returned to the truck about 20 minutes later, defendant was asleep and plaintiff asked defendant to let her in as she was unable to unlock the door. Defendant jokingly refused to open the door and plaintiff and defendant carried on a conversation through the window on the driver's side, which window was open about an inch and one-half. At this point, while standing outside of the pickup very close to the driver's side, plaintiff removed a package of cigarettes from her pocket and a box of matches. She struck a match to light a cigarette. While she was holding the match and talking to defendant, there was an explosion which blew out both doors of the truck and threw plaintiff over a small automobile, injuring her. The explosion occurred from 20 to 30 minutes after the gas tank had been filled.

The truck was taken to a garage where a mechanic examined it the following morning. He found two screws missing from the gas gauge, took the remaining screws off, put in a new gasket and replaced the gauge. The mechanic could not say whether the gas cap on the gas tank was missing, but he was able to say that, if the vehicle were moving and the bolts on the gas gauge were missing, gas and gas fumes could escape from the tank.

Evidence also showed that plaintiff was 38 years old and was familiar with motor vehicles, having driven them as a livelihood in the operation of a taxicab service; that she was familiar with the gas intake location on defendant's truck; that defendant told her that the gas gauge on the dashboard was not working properly and that he had worked on it, although defendant did not tell her exactly what he had done. Plaintiff testified that she was unable to smell gasoline fumes at the time of the accident, as she can never remember having a sense of smell.

Plaintiff contends that there was no evidence to warrant the submission of an instruction on assumption of risk. The trial court's instruction No. 11 reads:

"You are instructed that one of the defenses asserted by the Defendant against the Plaintiff is that at the time and place of the accident the Plaintiff voluntarily assumed the risk of lighting the match at the time and place of the explosion. In this case, if you find from a preponderance of evidence that the Plaintiff, Gladys Stephens, knew or by the exercise of ordinary care should have known of the danger that existed

in lighting the match then she assumed the risk and cannot recover."

In our opinion, what was said in Reed v. Styron, 69 N.M. 262, 365 P.2d 912, is decisive and supports plaintiff's position. We said in Reed v. Styron, supra, that plaintiff was free to assume that stairs, in general use, could be walked on safely. The defect in the stairs could only have been discovered by close inspection. It cannot be said that plaintiff in that case assumed the risk of stair treads breaking off when stepped on by someone.

Likewise, plaintiff in the instant case was not shown to be aware of any defect in the truck. It is common knowledge that people smoke and light matches around motor vehicles. It was error to instruct on assumption of risk because, without any knowledge on the part of plaintiff, she could not have assumed the risk.

The cause is reversed and remanded to the trial court with direction to set aside the judgment heretofore entered, to reinstate the case on the trial docket, to grant a new trial and to proceed in a manner consistent with this opinion. It is so ordered.

NOBLE and MOISE, JJ., concur.