417 P.2d 889

Wilson C. SKEET, Plaintiff-Appellee,

v.

Howard WILSON, Defendant-Appellant.

No. 7843.

Supreme Court of New Mexico.

Sept. 6, 1966.

Keleher & McLeod, Russell Moore, John B. Tittmann, Albuquerque, for appellant.

Sanchez & Thomson, Santa Fe, for appellee.

## OPINION

MOISE, Justice.

Defendant-appellant appeals from a judgment granting plaintiff-appellee damages for

injuries suffered when struck by an automobile driven by defendant, while plaintiff was walking on or along the right side of the highway south of Gallup.

The case was tried to a jury, and one of the issues which the jury had to determine was whether at the time of the accident, there being no sidewalks, plaintiff was walking "along and upon" the highway, and if it was "practicable" to walk "on the left side of the roadway or its shoulder" as required by § 64–18–38(b), N.M.S.A.1953. The jury was instructed that if plaintiff was not walking on the left side and it was practicable for him to do so, he was guilty of negligence, and that if the negligence contributed proximately to the accident, he could not recover.

When the verdict favoring plaintiff was returned the jury was polled, disclosing that 10 jurors favored the verdict and two opposed it. (§ 21–1–1(48) (b), N.M.S.A. 1953). Defendant duly filed a motion for a new trial. (§ 21–1–1(59), N.M.S.A.1953). One of the grounds set up for a new trial was to the effect that during the trial certain of the jurors had violated the court's instructions and had visited the scene of the accident and then advised the jurors of their observations to the prejudice of defendant. The allegations were supported by affidavits of the two jurors who had disagreed with the verdict. After two hearings on the motion, at which no evidence was presented but where legal arguments were

made, the court overruled the motion for new trial. Defendant's first point claims error in so doing.

■ That it is gross misconduct on the part of a juror to violate the court's instructions and visit the scene of an accident cannot be doubted. Garside v. Ladd Watch Case Co., 17 R.I. 691, 24 A. 470, 473. Neither is there any question that affidavits of jurors disclosing such misconduct are received in certain courts in support of a motion for new trial. See Anno., 31 L.R.A., N.S., 930. See also, Schneider v. Moe, 151 Or. 353, 50 P.2d 577, citing decisions to the same effect from a number of other states; State v. Gardner, 230 Or. 569, 371 P.2d 558, where the reasons for the position are reviewed.

■ Notwithstanding the contrary authority noted, New Mexico has long been aligned with those courts which deny the right to a new trial based alone on affidavits or statements of jurors presented after the jury has been discharged. In Goldenberg v. Law, 17 N.M. 546, 131 P. 499, the conflict in the decisions was considered and it was concluded that, although the conduct there complained about was sufficient to justify granting a new trial if established by sufficient admissible testimony, proof could not be made by use of affidavits of jurors themselves. This, in spite of the fact that it was recognized that no other method of establishing the misconduct would normally be available. · Arguments,

both pro and con, were weighed and the conclusion reached that considerations of public policy supported the view that jurors should not be permitted to impeach their verdict by affidavits made after discharge. This rule has been followed and applied consistently in numerous cases both civil and criminal that have been considered since. See State v. Taylor, 26 N.M. 429, 431, 194 P. 368; State v. Analla, 34 N.M. 22, 25, 276 P. 291; Talley v. Greear, 34 N.M. 26, 28, 275 P. 378; State v. Nevares, 36 N.M. 41, 46, 7 P.2d 933; Sena v. Sanders, 54 N.M. 83, 86, 214 P.2d 226; State v. Embrey, 62 N.M. 107, 110, 305 P.2d 723; McKinney v. Smith, 63 N.M. 477, 479, 322 P.2d 110; Scofield v. J. W. Jones Construction Company, 64 N.M. 319, 324, 328 P.2d 389; Garcia v. Sanchez, 68 N.M. 394, 404, 362 P.2d 779.

■ Defendant recognizes the rule in New Mexico to be as stated in the cases cited. However, he would avoid these decisions by virtue of the fact that none of the cases involved circumstances such as here relied on where the misconduct did not inhere in the verdict. It is true that some courts make a distinction as between conduct occurring in the jury room that is an intrinsic part of the verdict, which may not be impugned by the jurors, and conduct outside the jury room. See Am.Jur. 772, Trials, § 1109. While we are not entirely clear as to what type of misconduct may be considered to inhere in the verdict and which may not, we are satisfied that there is no substantial reason for making the distinction. All of the considerations present for forbidding a juror to impugn a verdict as stated in Goldenberg v. Law, supra, are equally pertinent and convincing in either circumstance. As a matter of fact, matters occurring outside the jury room will more often be subject to proof by witnesses other than the jurors themselves, than will transactions taking place within the jury room. Also, we are of the opinion that the rule of Goldenberg v. Law, supra, represents the majority view of the courts, both as to treatment of those matters which are inseparable from the verdict and those which are not an inherent part of the verdict. See Phillips v. Rhode Island Company, 32 R.I. 16, 78 A. 342, 31 L.R.A., N.S., 930; State v. Boykin, 40 Idaho 536, 234 P. 157; Patrick v. Yellow Cab Co., 102 Ohio App. 312, 114 N.E.2d 735; Keith v. State, 7 Okl.Cr. 156, 123 P. 172; see Anno. 58 A.L.R.2d 556. Point I is ruled against defendant.

■ For his second point defendant complains of the court's refusal to instruct the jury on the doctrine of assumption of risk. An instruction on this subject was duly submitted in writing as required by § 21-1-1 (51) (b), N.M.S.A. 1953. In his answer brief plaintiff points out that assumption of risk was not pleaded in the answer even though § 21-1-1(8) (c), N.M.S.A.1953, provides that it is an affirmative defense required to be specially pleaded. No sugges-

tion was made of reliance on assumption of risk as a defense at the pretrial hearing. Neither was it mentioned at the trial until the close of all the evidence, when the requested instruction was submitted.

■ While we recognize the rule to be as stated in 2 Moore, Federal Practice 1853, § 8.27[3], that whether or not an affirmative defense is pleaded as required by Rule 8(c) (§ 21–1–1(8) (c), N.M.S.A.1953), a defendant may take advantage of plaintiff's testimony if the defense is established thereby, and further that under Rule 15(b) (§ 21–1–1(15) (b), N.M.S.A.1953), an amendment to set forth defenses proved though not pleaded should be allowed upon timely motion; nevertheless, in the instant case, we are impressed that the point is without merit because we do not consider the testimony of plaintiff relied on by defendant provides support for a defense of assumption of risk. Compare, Stephens v. Dulaney, 76 N.M. 181, 413 P.2d 217; Systems, Incorporated, v. Bridge Electronics Company (C.A.3, 1964) 335 F.2d 465. Additionally, we would note that since the defense of contributory negligence was pleaded and submitted to the jury, there can be very little reason under the circumstances here present to require a second or duplicative instruction. See, 2 Harper & James, Law of Torts 1191, § 21.8. Although Reed v. Styron, 69 N.M. 262, 365 P.2d 912, is relied on by defendant, we are impressed that nothing stated there conflicts in any way with our holding here.

As his third and last point defendant complains of the trial court's refusal to grant a new trial based on the excessiveness of the verdict. It is asserted that under the facts proved in this case sympathy and prejudice must have been present in order for the jury to award $28,000.00, the amount of the verdict. The rules applicable in reviewing jury verdicts in order to determine whether or not they are excessive have been considered many times by this court and no useful purpose would be served in again doing so. See Michael v. West, 76 N.M. 118, 412 P.2d 549; Nash v. Higgins, 75 N.M. 206, 402 P.2d 945; Hanberry v. Fitzgerald, 72 N.M. 383, 384 P.2d 256; Vivian v. Atchison, Topeka and Santa Fe Railway Co., 69 N.M. 6, 363 P.2d 620; Jackson v. Southwestern Public Service Co., 66 N.M. 458, 349 P.2d 1029; Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023; Scofield v. J. W. Jones Construction Company, supra; Hall v. Stiles, 57 N.M. 281, 258 P.2d 386, generally discussing the problem. See also, Pearson v. Hanna, 145 Me. 379, 70 A. 2d 247, 16 A.L.R.2d 1; Anno., 16 A.L.R.2d 3.

■ In the instant case plaintiff's injuries required him to be hospitalized for two weeks. He had a brain concussion rendering him unconscious for a period, and scalp lacerations and several contusions. He suffered something in the nature of a whiplash injury to his neck and serious injury to his left knee which may require an

operation. Needless to say, pains and aches of greater or lesser degree accompanied the injury and even after the passage of a year continued to a certain extent. Plaintiff was a rancher, 37 years old, married, had four children, owned a small herd of cattle and sheep, and was occupied principally in outside work incidental to farming and ranching. In addition, he held a position with the Navajo land board. His ability to perform his regular duties had been, and at the time of trial was being, hampered by the injuries, and an operation was indicated because of the presence of a piece of loose bone in his left knee which interfered with his use of the knee. This operation would involve several days in the hospital, followed by a few weeks of convalescence when crutches would be required to walk. It was hoped that pain and difficulties being encountered at the time of trial would thereby be greatly improved. The cost of this procedure would be approximately $800.00 and considerable pain and suffering would be involved. This brief account of the injuries suffered is intended only to set forth the highlights in the evidence.

Can we say that the injuries, pain and suffering are worth any given amount and no more? How do we arrive at the maximum amount that is proper? In our view, no better rule has been devised than that set forth in Hall v. Stiles, supra, where we said that only in "extreme cases" of excessiveness would we disturb the jury's verdict. In the instant case, trial was had before a jury of 12 citizens of McKinley County, 10 of whom agreed upon the amount of the recovery. The trial judge, in turn, put his stamp of approval on it when he denied a new trial. Except that the award was made by the court in the first instance and not by a jury, the situation is not too different from that in Terrel v. Lowdermilk, 74 N.M. 135, 391 P.2d 419, where we said, "We have many times held that an award of damages made by a jury will not be disturbed as being excessive merely because it is larger than what this court might think to be sufficient" and, further, that "[o]nly in extreme cases where the award results from passion, prejudice, partiality, sympathy, undue influence, or some corrupt cause or motive, will we disturb the award." Under the circumstances here present, we do not find any of the mentioned elements, or that the award is so extremely excessive or unreasonable as to require or warrant our intervention. For the reasons stated, Point III is held against defendant.

There being no reversible error, the judgment is affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.