419 P.2d 239

Craig MORTON, Jr., and Anne L. Morton, his wife, Plaintiffs-Appellees,

v.

GREAT AMERICAN INSURANCE COMPANY, a corporation, Defendant-Appellant.

No. 7820.

Supreme Court of New Mexico.

Oct. 10, 1966.

Toulouse, Ruud, Gallagher & Walters, Albuquerque, for appellant.

Richard C. Losh, Albuquerque, for appellee.

## OPINION

NOBLE, Justice.

Great American Insurance Company (hereafter referred to as Insurance Company) has appealed from a judgment against it and in favor of Craig Morton, its insured, arising under its policy of insurance covering the "collapse of building(s) or any part thereof, * * *."

Briefly, the court found that a structural engineer, upon inspection, determined that one pier supporting the first floor of the Morton house had tilted about ten degrees from vertical; that three other piers had tilted to some degree from vertical; that by reason thereof part of the first floor settled about one and one-half inches; that the first floor ceiling had settled some; that wide cracks occurred in the walls;

and that there was a collapse of a part of the building, requiring repairs and certain reconstruction of footings and piers. Specifically, the court found:

"10. That plaintiffs' house sustained a collapse or [of] part of his house within the meaning of the terms of his policy of insurance with the defendant, and that the repairs made were necessary to correct the collapse of part of his house and to avoid the damage becoming greater in the future.

"11. That the tilting of the piers, settling, or subsidence of the floors, ceilings, walls and cracking of the walls and ceiling materially impaired the basic structure or substantial integrity of the building.

"12. That the failure and collapse of a part of plaintiffs' house was of such an extent that its condition created an unsafe and dangerous situation with the possibility of further extensive damage to said dwelling."

A single point is relied upon by the Insurance Company for reversal:

"The condition of appellees' house was not, as a matter of law, a 'collapse' so as to be a condition covered under the policy issued by defendant, and it was error for the trial court to accept interchangeable engineering terms as a basis for finding collapse and awarding judgment thereon."

None of the court's findings are challenged as lacking support in the evidence and, accordingly, are the facts upon which the case rests in this court on appeal. Nash v. Higgins, 75 N.M. 206, 402 P.2d 945; Brown v. Arapahoe Drilling Company, 70 N.M. 99, 370 P.2d 816.

The clause in this policy is one providing for coverage rather than exclusion of a loss caused by collapse of a building or a part thereof. The interpretation of this clause is one of first impression in New Mexico and is a subject upon which there is little authority. 72 A.L.R.2d 1287. Further, the few decisions interpreting the clause are not in accord. The question, of course, is whether the facts found by the trial court evidenced a "collapse" within the meaning of the policy.

The Insurance Company relying heavily upon Central Mutual Ins. Co. v. Royal, 269 Ala. 372, 113 So.2d 680, 72 A.L.R.2d 1283, appears to argue that to be included within this coverage the insured structure must lose its distinctive character as a building. The Alabama court held the insurer could not recover because "[t]here was no falling in, no loss of shape, no reduction to flattened form or rubble of the building or any part thereof." At the time of this decision in 1959, Nugent v. General Ins. Co. of America, 253 F.2d 800 (8th Cir. 1958), was the only case having construed such a policy provision. Gage v. Union Mut. Fire Ins. Co., 122 Vt. 246, 169 A.2d 29,

appears to have followed Central Mut. Ins. Co. upon the reasoning that the collapse clause is unambiguous and susceptible to only this one interpretation.

The Supreme Court of Kansas, however, considered an identical clause in determining whether the insured could recover for an alleged settling, cracking and breaking of the wall or walls, of the basement of a dwelling in Jenkins v. United States Fire Ins. Co., 185 Kan. 665, 347 P.2d 417. In that case, no one contended that the basement walls had fallen, but there was evidence of a crack running lengthwise almost all the way around the basement and evidence that the north wall had settled, cracked and bulged so as to create an unsafe and dangerous situation with a possibility of its caving or falling in. The Kansas court considered and rejected the narrow definition of "collapse," applied in Central Mut. Ins. Co. v. Royal, supra, and later cases, and allowed the insured to recover. Allen v. Hartford Fire Ins. Co., 187 Kan. 728, 359 P.2d 829; Anderson v. Indiana Lumbermens Mut. Ins. Co., 127 So.2d 304 (2d Cir. 1961 La.Ct.App.); Morton v. Travelers Indem. Co., 171 Neb. 433, 106 N.W.2d 710; Bradish v. British America Assur. Co. of Toronto, Canada, 9 Wis.2d 601, 101 N.W.2d 814, have all followed Jenkins in holding the "collapse" clause susceptible to more than one interpretation and in construing the clause to permit recovery where a wall has bulged or cracked in such manner as to materially impair the basic structure and substantial integrity of the building.

■ While a policy of insurance, like any other contract, must be construed so as to give effect to the intention of the parties, where language of a policy is susceptible of more than one construction, the test is not what the insurer intended the words of the policy to mean, but what a reasonable person in the position of the insured would understand them to mean. Braly v. Commercial Cas. Ins. Co., 170 Kan. 531, 227 P.2d 571; Koehn v. Union Fire Ins. Co., 152 Neb. 254, 40 N.W.2d 874; Hoyt v. New Hampshire Fire Ins. Co., 92 N.H. 242, 29 A.2d 121, 148 A.L.R. 484, and cases there cited.

■ This substantial conflict of authority on the interpretation of "collapse" in an insurance policy is some evidence that the term is not unambiguous. It may also be noted that the draftsman of the policy involved in Kattelman v. Nat'l Union Fire Ins. Co., 415 Pa. 61, 202 A.2d 66, impliedly recognized that the word "collapse," standing alone in the policy, is ambiguous, and defined the word to mean "not collapse resulting from subsidence * * *." Accordingly, recognizing the rule that where an ambiguity exists, the policy is to be construed in favor of the insured, Braly v. Commercial Cas. Ins. Co., supra; Hoyt v. New Hampshire Fire Ins. Co., supra, we agree with the interpretation of the "col-

lapse" clause by the Kansas Supreme Court in Jenkins v. United States Fire Ins. Co., supra, when that court, construing the parties' intention as required by the foregoing test, treated the clause:

> " * * * as comprehending that, if brought about by unusual and extraordinary circumstances which the parties to that agreement could not normally expect or foresee on the date of its execution, the settling, falling, cracking, bulging or breaking of the insured building or any part thereof in such manner as to materially impair the basic structure or substantial integrity of the building is to be regarded as a 'collapse' of the building within the meaning of that word as used in such clause of the policy. * * * "

Compare Scott v. New Empire Ins. Co., 75 N.M. 81, 400 P.2d 953.

Applying well-established principles, the question of whether the condition of the building in the instant case is within the interpretations of the clause related supra is a question of fact for the trier of the facts.

It follows that the judgment appealed from must be affirmed.

It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.