**Ann P. Middlebrook v. Banker's Life & Casualty Company**

[ 234 A.2d 346 ]

June Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 3, 1967

*Wick, Dinse & Allen* for plaintiff.

*Black, Wilson & Hoff* for defendant.

**Barney, J.** The insurance company refused to pay the plaintiff's claim for reimbursement for treatment of her back under a hospitalization policy. For some undisclosed reason the parties agreed to a division of the issues, submitting to the jury the question of forfeiture for fraud, raised by the company as defendant, with the balance of the matter being heard by court. The jury found for the plaintiff, as did the court, and judgment followed. The defendant appealed and claims error in both parts of the fact-finding operation.

The jury proceedings challenged the validity of the insurance contract. The defendant claims it was error to allow the plaintiff to testify about her statements to the defendant's agent, and his state-

ments to her. It says the first was an attempt to alter the contract by parol, and the second was inadmissible hearsay. It was the plaintiff's testimony that the agent filled in the answers on the application as he saw fit, even though those answers did not correspond to the facts about her health and back trouble as she reported them to him.

No part of the plaintiff's case seeks to modify the insurance contract. Her suit is to recover benefits called for in the policy as written. The defense is that the application for the policy, signed by the plaintiff, contained false statements about her medical history, in that it failed to disclose past difficulties she had had with her back. This does not involve the parol evidence rule. *Pellon* v. *Conn. Gen. Life Ins. Co.,* 105 Vt. 508, 514-5, 168 Atl. 701.

The issue is good faith. This is the question carried to the jury by the charge, which comes to us without attack. The rule for which the defendant is contending is expressed in *Fitzgerald* v. *Metropolitan Life Ins. Co.,* 90 Vt. 291, 309, 98 Atl. 498, as follows: "(R)epresentations made as of a party's own knowledge are inferred to be wilfully false, if unexplained." Just as matter offered to prove fraud by the defendant embraces circumstances outside of, and contrary to, the policy and application, evidence offered in refutation, which the plaintiff is entitled to present as explanation, will necessarily do likewise. When fraud is the issue, the range of the evidence is inevitably wide. *Girard* v. *Vt. Mutual Fire Ins. Co.,* 103 Vt. 330, 335, 154 Atl. 666.

The defendant condemns the plaintiff's testimony as to the insurer's agent's statements to her as hearsay. The usual rule is that statements of agents within the scope of their authority are admissible against the principal. *Patterson* v. *M. W. of A.,* 89 Vt. 305, 319, 95 Atl. 692. Since corporations can act only through agents, insurance companies are particularly subject to the rule. *Pellon* v. *Conn. Gen. Life Ins. Co., supra,* 105 Vt. 508, 520.

It is the argument of the defendant that the statement in the application that, "the Company is not bound by knowledge of, or statements made by, or to any agent, unless set forth herein," was an effective limitation, applicable here. Their representative in the sale of this policy was a licensed resident agent, who was authorized to sign policies. Unquestionably, the company is entitled to protect itself against the corruption of its agents by persons so disposed.

But such a provision cannot be used by the company to prevent an applicant from proving his own good faith. For, when good faith is established, as it was here, the burden of the misconduct of the agent must fall on the responsible principal, the company, as its wrong, rather than on the innocent purchaser. 8 V.S.A. §4802; *Pellon* v. *Conn. Gen. Life Ins. Co., supra,* 105 Vt. 508, 515. As that case goes on to state, the consequence is that the company is then estopped to interpose the falsity of the application as a defense to the policy. This is also the holding of *Whitmore* v. *Mutual Life Insurance Co.,* 122 Vt. 328, 333-5, 173 A.2d 584. That case involved an application of Illinois law, but its principle is consistent with our own law, and its holding adopted here. Thus the statements of the agent were properly received in evidence on the issue of the good faith of the plaintiff.

■■■ At the close of the hearing before the court, the defendant requested a finding that the sickness out of which the plaintiff's claim arose was not within the policy definition of "sickness," and took exception to the court's failure to so find. The plaintiff maintains that this defense is unavailable because it was not one of the affirmative defenses set out in the defendant's answer. The defendant, on the other hand, claims it was the plaintiff who had the burden of proving, as an essential element of her case, that her sickness came within the definition in the policy.

An essential element of a plaintiff's case is one which must be evidenced in order to avoid a directed verdict in favor of the defendant, even though no matter in defense has been introduced. Here, the claim of the plaintiff is for expenses for a sickness episode subsequent to the effective date of the insurance. It is enough to support a recovery under the policy, unless some sufficient defense is interposed.

The question of a connection to some previous illness would not come into this case unless raised by the defendant. It is a matter of defense, *Jacobs* v. *Loyal Protective Ins. Co.,* 97 Vt. 516, 521-2, 124 Atl. 848, and the responsibility of the defendant. *Reynolds* v. *John Hancock Life Ins. Co.,* 117 Vt. 541, 547, 97 A.2d 121. Yet this issue was first specifically raised by a request to find made following the jury trial and after the close of evidence in the court hearing.

■ This brings into operation the rule of *Cummings* v. *Conn. Gen. Life Ins. Co.,* 102 Vt. 351, 360, 148 Atl. 484: "(W)hen one defense is specified by an insurer as its reason for refusing to pay a loss,

all others are waived." The sound policy reasons behind the rule are ably advanced in that opinion by Justice (later Chief Justice) Powers, and need not be repeated here. The answer of this defendant gave as its only affirmative defense the right to treat the policy as void because of the allegedly false representations of the plaintiff. This makes the additional defense, not then raised or reserved, that "sickness" under the policy had not been established, unavailable. It is unnecessary, therefore, to examine the question of whether the company could have prevailed on this issue, even had it been properly preserved.

It was also suggested by the plaintiff that the provisions of 12 V.S.A. §1074 were applicable. This limits the effect of a general denial to a challenge to the execution of the policy and the question of damages. The statute lists the kinds of insurance contracts to which it applies, and includes accident policies, but says nothing about so-called "health" policies. The contracts in this case insure against hospital and medical expenses incurred through either sickness or accident. This may place them within the reach of the statute, even though recovery is sought on the sickness aspect in this case. If so, the defendant would be barred by this statute from now raising this defense. *Gage* v. *Union Mutual Fire Ins. Co.*, 122 Vt. 246, 247-8, 169 A.2d 29. Since the issue is otherwise determined, we do not pass on that question.

*Judgment affirmed.*