**Dowell v. Home Insurance Company**

*Jerome B. Shane,* for plaintiff.

*Richard W. Hopkins,* for defendant.

ALEXANDER, J., June 29, 1971.—This matter was tried by the court, without jury, on January 18 and 19, 1971. The facts are not in dispute. In 1961, plaintiff purchased a home at 5527 Angora Terrace, Philadelphia, for $7,200. In 1964, defendant issued to plaintiff a renewal of its homeowner's insurance policy, originally issued in 1961, for a period of three years.

Beginning in the fall of 1965, plaintiff's property suffered a series of cracks and disturbances in the doors, ceilings, floors and walls of the house, which damage continued as of the time of trial. Plaintiff called an expert witness who testified as to the nature of the damage, but who was unable to determine the cause. Defendant called no witnesses during the trial.

Plaintiff sought reimbursement from defendant for the damages sustained by her house, claiming such damage was covered by the policy. The relevant provisions of that policy are as follows:

"PERILS INSURED AGAINST . . . 14. COLLAPSE (NOT SETTLING, CRACKING, SHRINKAGE, BULGING OR EXPANSION) OF BUILDING(S) OR ANY PART THEREOF, but excluding loss to (a) outdoor equipment, gutters and downspouts, cloth awnings and fences, all except as the direct result of the collapse of a building; (b) fences, pavements, patios, swimming pools, foundations, retaining walls, bulkheads, piers, wharves or docks when such loss is caused by freezing, thawing, or by the pressure or weight of ice or water whether driven by wind or not; all except as the direct result of the collapse of a building.

"SPECIAL EXCLUSIONS. THIS COMPANY SHALL NOT BE LIABLE: (a) as respects Perils . . . 14 . . .: for loss caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, landslide, mud flow, earth sinking, rising or shifting; unless loss by fire or explosion ensues, and this Company shall then be liable only for such ensuing loss; but this exclusion does not apply to loss by theft; . . ."

On this basis of these two exclusions, defendant claimed there was no "collapse" within the terms and conditions of the policy.

It is well settled in the law of insurance that any ambiguities must be construed in favor of the insured and against the insurance company, and that a defense based upon an exclusion is an affirmative one, proof of which must be established by the insurer: Armon v. Aetna Casualty and Surety Company, 369 Pa. 465 (1952).

We have examined the many cases cited to us by counsel, some of which have held that events such as those involved in the present case constituted a collapse (Morton v. Great American Insurance Company, 419 P.2d 239, 77 N.M. 35 (1966)), while others have held to the contrary: Higgins v. Connecticut Fire Insurance Company, 430 P.2d-479 (Colo. 1967).

We feel that the law of Pennsylvania is controlling in the cases of Kattelman v. National Union Fire Insurance Company, 415 Pa. 61 (1964), and Skelly v. Fidelity and Casualty Company of New York, 313 Pa. 202 (1933). Accordingly, we find that plaintiff's home did not collapse within the meaning of the policy provisions.

A verdict in favor of defendant and against plaintiff must, therefore, be entered.